BUTTERFIELD <em>against</em> COOPER.

ASSUMPSIT ; tried at the *Jefferson* circuit, *December* 24*th*, 1826, before WILLIAMS, C Judge.

The action was, to recover back about $700, the consideration money paid by the plaintiff to the defendant, on a contract to purchase of the latter a lot of ground called the *Hawkins* lot.

be rejected as surplusage ; and that the contract covered the whole lot surveyed and set off to *Hawkins*, and upon which he entered, improving part, under a parol contract of purchase ; though it, in fact, contained 106 acres.

*(margin:)* ALBANY, Oct. 1826. Butterfield v. Cooper.

*(margin:)* An agreement was, to convey " the Hawkins place, *containing* 100 *acres;"* *held,* that the clause, " containing 100 acres," should

The facts, as proved at the trial, were, that on the 10th of *March*, 1824, the plaintiff agreed to pay the consideration ; and the defendant to convey at the time, and in the manner specified in certain memoranda of the agreement, drawn up and signed by the parties on that day, one of which was retained by each.    There was no question that the consideration had been paid ; but the parties disagreed in the construction of these memoranda in the description of parcels.    The memorandum signed by the defendant, and kept by the plaintiff, mentioned these as the *Hawkins* place.    That signed by the plaintiff, and kept by the defendant, mentioned them as *the Hawkins place, containing one hundred acres, lying partly opposite to H. Hilyerd's farm.*

Before entering into the agreement in question, the defendant, owning a large tract of land, had contracted verbally with one *Hawkins*, to sell him 100 acres.    A surveyor went with *Hawkins* and the defendant, to locate the purchase ; and they commenced on one *Conklin's* east line, on the Quaker road, and ran easterly on that road, 81 rods, where the surveyor stuck a stake.    Thence they ran back from the road towards one *Parish's* land ; but on account of an intervening swamp, they could not complete this, nor the other two lines.    They were intended, however, to run along *Parish's* line to *Conklin's ;* and thence along *Conklin's* to the place of beginning.    The surveyor told the defendant, he thought these lines would include more than 100 acres.    *Hawkins* took possession of the premises, and cleared as far east as the stake, and back to *Parish's* land ; his whole clearing, which he occupied, amounting to thirty one acres.    This purchase of *Hawkins* was called 100 acres, and *Hawkins* was not to have any more ; but it, in truth, amounted to 106 acres. When the plaintiff and defendant came to arrange the draft and execution of the conveyance under their contract, the former was willing to take a conveyance of 100 acres only ; but claimed to have the whole length on the road to the stake.    The defendant insisted on conveying no farther east on the road, than to include 100 acres between

ALBANY,
Oct. 1826.

Butterfield
v.
Cooper.

*Conklin's* and *Parish's* land. The whole difficulty was about the 6 acres. The plaintiff was willing that the defendant should take out 6 acres back, so as not to take any of the improved land ; but the defendant claimed to take part of this. Finally, the plaintiff demanded a deed of the *Hawkins* lot, or the 106 acres, which the defendant refused to give. The plaintiff then demanded the consideration paid. The defendant did not comply with this demand. He afterwards made out a deed, excluding a part of the improvements, so as to include 100 acres only. But this was never tendered to the plaintiff.

The judge charged the jury, that the plaintiff was entitled to the whole 106 acres, as at first marked out ; and they found for the plaintiff, $740,83, damages.

A motion was now made, in behalf of the defendant, for a new trial.

*E. Fowler & M. Sterling*, for the motion.

*G. C. Sherman & D. W. Bucklin*, contra.

*Curia*, *per* SAVAGE, Ch. J. Taking the two memoranda together, the agreement was, that the defendant should convey " the *Hawkins* place," as expressed in the memorandum signed by the defendant. According to the memorandum signed by the plaintiff, the agreement was for the purchase of " the *Hawkins* place, containing one hundred acres." Suppose the defendant had executed a deed in the language of the agreement, " the *Hawkins* place, containing one hundred acres ;" how much would the purchaser have taken? The *Hawkins place* was a piece of ground, known by that name, because *Hawkins* had occupied it, and it was set off to him by the defendant in person. I apprehend that such a conveyance would authorize the grantee to hold all that was actually laid off to *Hawkins*, as far east as the stake stuck by the surveyor in the presence of the defendant and *Hawkins*, without regard to the quantity of acres. The words, " one hundred acres," were matter of description. It seems to me similar to conveying a lot by its number, containing 600

acres. The purchaser takes the lot, whether it contains more or less than the specified quantity. This is like the case of *Mann v. Pearson*, (2 *John. Rep.* 37,) where, in a deed of lot 74, *Lysander*, containing 600 acres, the contents were said to be matter of description merely. The court considered the number of the lot as a reference to the metes and bounds. In this case, the description of " the *Hawkins* place," referred to the actual location of the lot, as possessed by *Hawkins*.

I am of opinion the judge decided correctly ; and that a new trial should be denied.

New trial denied.