The Board of Supervisors of Manitowoc County vs. Sullivan and others.

THE BOARD OF SUPERVISORS OF MANITOWOC COUNTY VS. SULLI-
VAN and others.

*December 23, 1880 — January 11, 1881.*

COUNTY BOARD. *(1) Its power as to taking notes.*
EVIDENCE: *(2) As to purpose for which note in suit was taken.*
JUDGMENT, ENTRY OF. *(3) When clerk may enter judgment in vacation.*

1. A county board of supervisors has no power to take a note and mortgage
    for the amount of a fine imposed on a person convicted of assault and
    battery, with a view to the release of such person from imprisonment
    for non-payment of the fine; and the instruments so taken are void.
2. In an action upon such note and mortgage, testimony of the person who
    was district attorney of the county when they were given, is admissible
    to show for what purpose they were given.
3. Where the findings of fact and conclusions of law in an action, filed by the
    court during the term of trial, sufficiently state the nature of the judg-
    ment awarded, the clerk may, *during vacation*, formally enter and sign
    the judgment as of that term. Compare sec. 2863, R. S.

APPEAL from the Circuit Court for *Manitowoc* County.
The case is thus stated by Mr. Justice TAYLOR:

"This is an action to foreclose a mortgage given by the de-
fendant *Timothy Sullivan* and his wife, in 1869, to one Louis
Koehnke, then chairman of the board of supervisors of Man-
itowoc county, for the benefit of said county, and by him as-
signed to the plaintiff. The defendants *Oxhood* and *Christian-
son* are the grantees of *Sullivan* and wife of the mortgaged
premises; and they allege in their answer that they paid full
value for the lands, and took deeds with full covenants of
warranty, and in no way subject to the plaintiff's mortgage.
They further alleged in their answer, and proved upon the
trial, that said mortgage was given by *Sullivan* and wife as
security for or in satisfaction of a fine and costs of prosecu-
tion imposed upon said *Sullivan* in a criminal action for
assault and battery, commenced by the state and prosecuted
against him in the court of the police justice of the city of

Manitowoc. The evidence upon the trial shows that the defendant *Sullivan* had been committed to the county jail of Manitowoc county upon a judgment rendered against him in such criminal prosecution, and that, upon the execution and delivery of the note and mortgage in question, he was discharged from such imprisonment."

The circuit court rendered judgment in favor of the defendants; and the plaintiff appealed.

For the appellant there was a brief by *Nash & Schmitz,* and oral argument by *Mr. Nash.*

For the respondents there was a brief by *H. G. & W. J. Turner,* and oral argument by *W. J. Turner.*

TAYLOR, J. The real question in this case is, whether the county board had any authority to accept the note and mortgage in satisfaction of, or as security for the payment of, the judgment rendered against *Sullivan* in the criminal prosecution, and thereupon discharge him from imprisonment. If they had no such power, then the whole transaction was void, and the note and mortgage cannot be enforced against either said *Sullivan* or the other appellants, who claim the mortgaged premises under him.

An examination of the statutes regulating criminal actions of this kind clearly shows that the county board has no control of any kind over actions of this kind, or over the judgments rendered in such actions. Section 2, ch. 183, R. S. 1858, provided as follows: "Any person convicted of an assault and battery, in a justice's court, shall be punished by imprisonment in the county jail for a term not exceeding three months nor less than twenty days, or by a fine not exceeding fifty dollars nor less than one dollar, together with the costs of prosecution, at the discretion of the justice; and in all cases where judgment for fine and costs of prosecution is rendered, the defendant shall be committed until the judgment is satisfied." Section 35, ch. 121, R. S. 1858 (Tay. Stats., 1413), provides

that " if the accused be committed, payment of any fine imposed on him shall be made to the sheriff of the county, who shall, within thirty days after the receipt thereof, pay over the same to the county treasurer for the purposes aforesaid." The next previous section provides that, if the fine imposed is paid before commitment, it shall be paid to the magistrate who tried the action, and that such magistrate shall within thirty days pay the same to the county treasurer. Section 20, ch. 190, R. S. 1858 (§ 22, p. 1990, Tay. Stats.), provides a method by which any poor convict who has been confined in prison for six months for the non-payment of a fine and costs only, or for either of them, may be discharged from such imprisonment, if, upon examination, it appears that he has no property out of which such fine and costs can be paid. The only other means by which a person imprisoned for the non-payment of a fine can be relieved from his imprisonment, is by the executive pardon. It would seem very clear that the giving of the note and mortgage in question to the board of supervisors, under the laws above quoted, would neither be a satisfaction of the judgment and costs, nor would it entitle the defendant to a release from his imprisonment; and that the discharge of the prisoner by the sheriff, upon the suggestion that such note and mortgage had been given, was wholly unauthorized and a violation of his duty as sheriff of said county.

If section 30, ch. 120, R. S. 1858, applied to a case of conviction for an assault and battery, which is at least doubtful, still the case would not be altered as to the power of the supervisors to interfere with the judgment or imprisonment of a person convicted of such offense. The provision of that section would only lessen the term of imprisonment, and would not confer any power of interference on the part of the board of supervisors. The act of the board of supervisors was simply an unauthorized and unlawful interference with the proceedings and imprisonment of the appellant *Sullivan*. There was

not only no legal consideration for the note and mortgage, but there was an attempt on the part of the board to interfere with the regular execution of the judgment of the criminal court against *Sullivan*, in a manner wholly unauthorized by law; and the whole transaction must be held to be *ultra vires* and void.

It was said by this court in the case of *Montgomery v. Supervisors*, 22 Wis., 70–72, involving the power of the board to employ assistance for the district attorney at the expense of the county: "It is very clear that the law has not confided the management of criminal cases to the county supervisors." And it is certainly equally clear that the law has not confided to the board the power to release persons imprisoned upon a criminal commitment, upon taking security that they will at some future day pay the amount of the fine and costs.

The law having provided that a person imprisoned for the non-payment of a fine may be released from such imprisonment by the payment thereof to the sheriff, or that, if he is unable to pay the same, he may be released as a poor convict, under the provisions of section 20, ch. 190, R. S. 1858, and the constitution having provided that he may be released by the executive pardon, there does not seem to be any good reason for inferring, in the absence of any law tending to give the power, that the several county boards of supervisors may also release from such imprisonment, upon such terms as they may deem just. *Butler v. Milwaukee*, 15 Wis., 493.

The mortgage being void in its inception as against the mortgagor, it is void as to his grantees who do not, either expressly or impliedly, take the estate subject to the payment of the same. *Newman v. Kershaw*, 10 Wis., 334, 345; *Weed Sewing Machine Co. v. Emerson*, 115 Mass., 554; *Maher v. Lanfrom*, 86 Ill., 513, 519.

It is objected by the learned counsel for the appellants, that the judgment was irregularly entered, and should be reversed for that reason. The objection is, that the formal judgment

was signed and filed by the clerk after the term at which the action was tried and determined, in vacation, and without any order of the court directing the entry of such judgment. The record discloses that the findings were made and filed during the term, and, in the conclusions of law, the nature of the judgment which the defendants were entitled to was sufficiently stated. This was a sufficient direction to authorize the clerk to enter judgment according to such conclusions of law, without any further special direction so to do. *Seymour v. Laycock*, 47 Wis., 272. The fact that judgment was drafted and signed after the court had adjourned, does not, we think, render it irregular. The statute clearly contemplates that judgments may be entered in vacation by the clerk, in cases tried by the court. Section 19, ch. 132, R. S. 1858, provides that in trials by the court the decisions shall be filed within twenty days after the term at which the trial took place, and that judgment upon such decision shall be entered accordingly. This statute has been held directory as to the time of filing the decisions, and we think the uniform practice has been for the clerk to enter judgment in vacation when the findings are filed in vacation, and generally as of the term at which the action was tried. Section 2863, R. S. 1878, expressly provides that in such cases the judgment shall be entered of the term at which the action was tried. There having been a sufficient direction to the clerk to enter judgment, and he having entered it as of the term at which the action was tried and the decision filed, it would seem absurd to hold the judgment irregular because the labor of drafting the judgment was done in vacation, when the same statute provides that, if the decision is filed in vacation, the clerk may enter judgment in vacation. The entry of judgment by the clerk is not a judicial act. He is the mere clerk of the court to draft and put in formal shape what the court has already adjudged, and this ministerial act may as well be done in vacation as in term time. In many cases it would be impossible to do it in term. It often hap-

pens that the judge files his findings in cases tried by him, at the very close of the term, and adjourns court before it would be possible to put the judgment in form during the term; and, if the rule contended for by the counsel for the appellant were established, no judgment could be entered in such case until the next term, which might very injuriously affect the rights of the party entitled thereto.

We think the oral testimony of the witness Treat, who was the district attorney at the time the note and mortgage were given, detailing the circumstances and purposes for which they were given, was properly admitted.

The judgment having been regularly entered, there being no error in receiving the evidence objected to, and the mortgage being clearly void, the judgment of the circuit court in favor of the defendants was correct, and must be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.