Docter and another vs. Hellberg.

Docter and another, Appellants, vs. Hellberg, Respondent.

*February 8 — March 16, 1886.*

Vendor and Purchaser of Land: Specific Performance. *(1) Statute of frauds: Contract signed by one party. (2) Certainty in description: Extrinsic facts. (3) Error in description when immaterial. (4) Deficiency in quantity agreed to be conveyed: Amount to be abated from purchase price.*

1. The mere fact that a contract for the conveyance of land is signed by the vendor only will not prevent specific performance.

2. A contract for the sale of land will not be held void, or specific performance denied, on the ground of the uncertainty of the description, if contemporaneous facts and circumstances (as actual occupation, when the agreement is to convey the land occupied by the vendor) render the description definite and certain.

3. Where the agreement is to convey a certain number of acres of land described as being the property then occupied by the vendor, if the land so occupied does not contain the number of acres mentioned, the falsity of that element of the description will not frustrate the agreement.

4. Where the agreement is to convey a certain tract of land guaranteed to contain a certain number of acres, with the buildings and improvements thereon, and the tract does not in fact contain the

number of acres specified, the vendee is not entitled to specific performance upon tender of that proportion of the purchase price which the actual number of acres bears to the number specified. The abatement to which he is entitled is not greater than in a case where the title to a portion of the tract fails, *i. e.* such proportion of the purchase price as the value of the part to which title fails bears to the whole purchase price at the time of the purchase.

APPEAL from the County Court of *Milwaukee* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint alleges, in effect, that July 14, 1885, the defendant, a widow, offered to sell to the plaintiffs a farm owned and occupied by her, in section 24, in township 7, range 21, being in the town of Wauwatosa, which she represented to contain forty-nine acres, with the buildings and improvements thereon, with the crops, consisting in part of hay and oats, and personal property, of which a partial list was two horses, two buggies, wagon, two cows, reaper, and other farm machinery and tools, for $20,300, to be paid as hereinafter stated; that on the same day the plaintiffs accepted said offer, and then paid the defendant thereon $100 in cash, and took from her a receipt and agreement in writing, of which the following is a copy:

"Received of Messrs. *Jacob Katz* and *Adolph Docter* the sum of One hundred Dollars as part purchase money for 49 acres of land, with buildings and improvements thereon, situated in the Town of Wauwatosa, state of Wisconsin. Said described property being the same now occupied by me. Whole amt. of said purchase money is Twenty Thousand and three hundred Dollars. At the delivery of a warranted, perfect Deed, Two Thousand Dollars to be paid cash. The balance of Eighteen Thousand Three hundred Dls. payable in ten years from date of deed, with 4½% (four and one half %) interest. Said Property situated in Town of Wauwatosa, and at present occupied by me & I promise to

deliver Deed in six weeks. Above Amount included also all the two horses wagons, and all the farmer Machienerie and Tools, etc., etc.

"*Dated July 14, 1885.*      CAROLINE HELLBERG.

"Witness:  LUCY TOOLE.

"ANDREW SCHNEIDER.

"Recorded July 14, 1885."

The complaint further alleges that about ten days thereafter the plaintiffs learned for the first time that said farm did not in fact contain forty-nine acres, but less than thirtysix acres, being only about thirty-two and one half acres; that August 13, 1885, the plaintiffs delivered to the defendant a notice to the effect, requesting her to furnish them the legal description of the forty-nine acres mentioned in the receipt and agreement, and offering, when furnished, to cause a deed to be drawn of the same in accordance with the terms of the receipt, at their own expense, by any competent person she might select, and upon the delivery to them of such deed, and the personal property described in the receipt, to pay her the further sum of $1,900, and to execute and deliver to her a mortgage upon such forty-nine acres for $18,300, as stated in the agreement in writing; and stating that if the farm contained less than forty-nine acres of land, then the plaintiffs would pay her therefor such proportion of the $20,300 as the number of acres actually contained therein bears to forty-nine acres, according to the terms and in the manner specified in the receipt, and that they insisted upon the fulfilment of the contract of sale of the property owned and occupied by the defendant mentioned in the receipt, and in case of neglect or failure would take steps to enforce it.

It is further alleged that the defendant never furnished such legal description, but had wholly neglected and refused to furnish such description, or to show such forty-nine acres; that August 25, 1885, the plaintiffs tendered to the defend-

ant, at her residence, the sum of $1,900, and then and there demanded of her to execute and deliver to them a warranted, perfect deed of the land which she actually owned and occupied, and offered then and there to execute and deliver to the defendant a mortgage upon such land as was actually owned and occupied by the defendant in said town for such sum (less the $2,000 paid and tendered) as the amount of land so actually owned and occupied by the defendant would amount to, computed at the same rate per acre as forty-nine acres for $20,300, and offered to have said farm surveyed, and the precise quantity of land therein ascertained, which tender, demand, and offer were then and there refused by the defendant; that the true description of the land owned and occupied by the defendant is that given in the complaint, and that it contained only about thirty-two and one half acres, and that the defendant owns no other land in said town; that April 25, 1885, the defendant had given to the Merchants' Exchange Bank a mortgage on a portion of the land for $1,600, with interest at seven per cent., which was recorded on that day, and was still a subsisting lien thereon; that the plaintiffs had no remedy at law; that the plaintiffs were ready and willing to pay said $1,900 to the defendant, and upon the receipt of such deed of the land she so owned and the personal property, or accounting therefor, to give a mortgage to the defendant for what the land she actually owned would come to at $414.28 per acre, deducting therefrom said mortgage to the bank, which should be assumed by the plaintiffs.

The complaint then prayed the specific performance of said receipt and agreement in writing upon the plaintiffs' paying and securing the balance of the purchase price after the abatement in the price as stated.

The answer, aside from denials, alleged a tender of performance according to the contract, and an equitable counterclaim, to which the plaintiffs replied.

The cause having come on for hearing, the defendant demurred *ore tenus*. The county court thereupon excluded all evidence under the complaint, and dismissed the same, and from the judgment entered accordingly the plaintiffs appeal.

The cause was submitted for the appellants on the brief of *Flanders & Bottum*, and for the respondent on that of *O. J. Fiebing*, attorney, and *R. N. Austin*, of counsel.

For the appellants it was contended, *inter alia*, that the description was sufficiently definite. *Bull v. Bell*, 4 Wis. 54, 61; *Coats v. Taft*, 12 id. 388; *Cheney v. Cook*, 7 id. 413, 421; *Washburn v. Fletcher*, 42 id. 152, 166; *Whitney v. Robinson*, 53 id. 309, 314. Though the quantity falls short of the defendant's representations she can be compelled to perform the contract to the extent of her power, a just proportion of the purchase price being abated. 1 Story's Eq. Jur. sec. 779; *Wright v. Young*, 6 Wis. 127, 132; *Conrad v. Schwamb*, 53 id. 372; *Waters v. Travis*, 9 Johns. 450, 463; *Stebbins v. Eddy*, 4 Mason, 414, 416; *Stockton v. Union O. & C. Co.* 4 W. Va. 273; *Barnes v. Wood*, L. R. 8 Eq. Cas. 424; *Whittemore v. Whittemore*, id. 603. The deficiency in this case is so great — amounting to one third of the land bargained for — as to entitle the plaintiffs to the relief they seek, *i. e.* specific performance and abatement of price. The land was not specifically described by metes and bounds, nor were the words "more or less," or other words of like import, inserted in the contract. 4 Kent's Comm. 466; 1 Story's Eq. Jur. secs. 141, 195; *Belknap v. Sealey*, 14 N. Y. 143; *Noble v. Googins*, 99 Mass. 235; *Harrison v. Talbot*, 2 Dana, 258; *Ketchum v. Stout*, 20 Ohio, 453; *Quesnel v. Woodlief*, 2 Hen. & Munf. 173; *Shelby v. Smith's Heirs*, 2 A. K. Marsh. 504, 511; *Stockton v. Union O. & C. Co.* 4 W. Va. 273; *Ladd v. Pleasants*, 39 Tex. 415; *Hill v. Buckley*, 17 Ves. Jr. 395; *Portman v. Mill*, 2 Russ. 570; *Whittemore v. Whittemore*, L. R. 8 Eq. Cas. 603.

For the respondent it was argued, among other things, that equity will not specifically enforce a contract unless its essential terms at least, by the aid of reference thereto and of authorized legal presumptions, may be clearly and definitely known. *Schmeling v. Kriesel*, 45 Wis. 325; *Lowber v. Connit*, 36 id. 186; *Blanchard v. McDougal*, 6 id. 167. Equity will not enforce specific performance of a contract which is sought to be varied to make out a case proper for a decree. *Rettenhouse v. Tomlinson's Ex'rs*, 27 N. J. Eq. 379; *Park v. Johnson*, 4 Allen, 259; *Edmond's Appeal*, 59 Pa. St. 220; *Tucker v. Madden*, 44 Me. 206; Balt. on Spec. Perf. 298; *Whittaker v. Van Schoiack*, 5 Oreg. 113. A contract will not be enforced by specific performance unless the parties have described and identified the particular tract of land to be sold, or the contract furnishes the means of identifying it with certainty. *Camden & A. R. Co. v. Stewart*, 18 N. J. Eq. 489; *Capps v. Holt*, 5 Jones (N. C.), 153; *Jordan v. Fay*, 40 Me. 130; 5 Wait's Act. & Def. 789. The number of acres stated in the contract is merely descriptive, and not a covenant on the part of the defendant that there was that quantity owned and occupied by her. The sale of land containing a certain number of acres at a fixed price is a sale in bulk. *Faure v. Martin*, 7 N. Y. 210; *Hammond v. Wadhams*, 5 Mass. 355; *Lush v. Druse*, 4 Wend. 313; *Butterfield v. Cooper*, 6 Cow. 481; *Jackson v. Moore*, id. 706; *Mann v. Pearson*, 2 Johns. 37; *Jackson v. Barringer*, 15 id. 470; *Wilson v. Randall*, 67 N. Y. 341; *Howe v. Bass*, 2 Mass. 380; *Flagg v. Thurston*, 13 Pick. 145; *Curtis v. Francis*, 9 Cush. 438; *Gerrish v. Towne*, 3 Gray, 82; *Stebbins v. Eddy*, 4 Mason, 414; *Rutherford v. Tracy*, 8 Am. Rep. 106; *Noble v. Googins*, 99 Mass. 235; *Maroni v. Bennett*, 8 Paige, 302; 1 Story's Eq. Jur. 144–195; 4 Kent's Comm. 467.

CASSODAY, J. The answer and reply need not be considered, since the only questions presented upon this demurrer

*ore tenus* arise upon the sufficiency of the complaint when liberally construed. *Doud v. W., P. & S. R. Co. ante,* p. 108. The mere fact that the agreement to convey was signed by the defendant alone will not prevent specific performance if it was otherwise sufficient. The statute only required that the contract for the sale should be in writing expressing the consideration, and be subscribed by the party by whom the sale was made. Sec. 2304, R. S.; *Cheney v. Cook,* 7 Wis. 413; *Vilas v. Dickinson,* 13 Wis. 488; *Washburn v. Fletcher,* 42 Wis. 169.

The agreement in writing to convey, in effect, acknowledged the receipt of the $100 as part purchase money for forty-nine acres of land, with buildings and improvements thereon, situated in the town of Wauwatosa, state of Wisconsin, being the same then occupied by the defendant, for which she thereby promised to deliver deed in six weeks. The agreement was to convey the land, buildings, and improvements then occupied by her in the town named. It was the land then so occupied, and the whole of it, that was to be conveyed. No reference was made in the writing to any land not so occupied at the time. Such occupation, so referred to upon the face of the agreement, purported to be an existing extrinsic fact, the proof of which would give certainty to the description. *Simmons v. Johnson,* 14 Wis. 526. Such proof was admissible in order to place the court in the position of the parties at the time of making the agreement, and thus enable it to intelligently interpret the language employed. The law will not declare an agreement void for uncertainty when the light which contemporaneous facts and circumstances furnish renders the description definite and certain. *Messer v. Oestreich,* 52 Wis. 689; *Whitney v. Robinson,* 53 Wis. 314; *Parkinson v. McQuaid,* 54 Wis. 484; *Meade v. Gilfoyle,* 64 Wis. 18. A description which can thus be made certain by proof of an extrinsic fact referred to in the agreement must be regarded as sufficiently certain to enforce specific performance.

The plaintiffs here insist that there was a deficiency of sixteen and one half acres in the amount named in the agreement; that they are entitled to a conveyance of the land which the defendant actually owned and occupied at the time, upon the payment and security of the purchase price, less what such deficiency would come to at $414.28 per acre, which would have been the average price had there been as many acres as named in the agreement. The amount which the plaintiffs thus claim the right to abate from the purchase price is $6,835.62. The question here presented is whether the plaintiffs are entitled to a deed of the land owned and occupied by the defendant at the time without fully paying and securing the purchase price as provided in the agreement. Or, in other words, is the defendant obliged to convey as required upon the plaintiffs' only paying and securing what would remain of the purchase price after making the abatement indicated? It will be observed that the number of acres mentioned in the agreement is not by way of limitation nor restriction. The agreement does not purport to be for the conveyance of forty-nine acres from a larger tract. The number of acres mentioned in the agreement purports to be descriptive, but in no way aided the description. The agreement was simply to convey the land then occupied by the defendant,— nothing more. If the land so occupied did not contain as many acres as mentioned in the agreement, then such mention, to the extent of the deficiency, was a false assertion. Assuming it to have been false, yet as it in no way aided the description, and the land was otherwise sufficiently described, it cannot frustrate the agreement. *Thompson v. Jones*, 4 Wis. 110; *McEvoy v. Loyd*, 31 Wis. 142.

But the more serious question is whether such mention is to have the effect of a written guaranty or covenant that the farm so occupied did in fact, at the time, contain the number of acres mentioned. The defendant insists that the mention of the number of acres cannot be regarded as a

·covenant of quantity, and numerous authorities are cited in support of such contention. There are certainly numerous cases in which it has been held that an action for a breach of warranty could not be maintained merely because the quantity of land conveyed by the deed was less than the amount therein stated. *Snow v. Chapman*, 1 Root, 528; *Mann v. Pearson*, 2 Johns. 37; *Powell v. Clark*, 5 Mass. 355; *Perkins v. Webster*, 2 N. H. 287; *Beach v. Stearns*, 1 Aikens, 325; *Roat v. Puff*, 3 Barb. 353. The converse of the proposition has also frequently been held. *McEvoy v. Loyd, supra; Howe v. Bass*, 2 Mass. 380; *Pernam v. Wead*, 6 Mass. 131; *Jackson v. Barringer*, 15 Johns. 471; *Jackson v. McConnell*, 19 Wend. 175; *Butterfield v. Cooper*, 6 Cow. 481; *Hathaway v. Power*, 6 Hill, 453; *Pettit v. Shepard*, 32 N. Y. 97. In the class of cases first cited it is held that the covenants only relate to the lands described, but not to lands which the deed does not purport to convey. It may be doubtful whether an agreement to convey is of any broader significance than the covenants of warranty in such a deed. Upon this demurrer *ore tenus* we do not feel called upon to determine the question suggested, as the case may, upon final hearing, disclose a different state of facts. We may assume for the purposes of this case, that the law is the other way, and that the agreement in writing was a guaranty that the land therein described contained the number of acres therein mentioned, and that the plaintiffs are entitled to a conveyance of the land owned, and an abatement from the purchase price by reason of the deficiency, as indicated in the authorities. *Wright v. Young*, 6 Wis. 127; *S. C.* 70 Am. Dec. 453, and notes; *Walling v. Kinnard*, 60 Am. Dec. 216; *Conrad v. Schwamb*, 53 Wis. 378. But still the question recurs whether the plaintiffs are entitled to such conveyance upon the arbitrary conditions proposed in the complaint. It is to be remembered that courts of equity do not make contracts for parties, but merely enforce such

as are made by themselves, so far as practicable, and in so far as may seem to be just and equitable. This court has held that in the absence of fraud, " where the title fails to only a part of the land conveyed, the grantee may recover, in an action on the covenants of seizin and right to convey, or upon an agreement to convey, such fractional part of the whole consideration paid as the value at the time of the purchase of the piece to which the title fails bears to the whole purchase price, and interest thereon during the time he has been deprived of the use of such fractional part, but not exceeding six years." *Messer v. Oestreich*, 52 Wis. 696; *Bartelt v. Braunsdorf*, 57 Wis. 3; *Willson v. Willson*, 57 Am. Dec. 320.

Assuming the plaintiffs' right to specific performance and abatement of price on account of deficiency, as claimed, still they would not be entitled to any more favorable rule than the one just indicated; that is, an abatement of such fractional part of the whole consideration to be paid as the value at the time of the purchase of the piece to which the title failed bears to the whole purchase price. It stands confessed that the buildings and improvements are all on the land owned by the defendant, and it would be unfair to presume, in the absence of any allegation of proportionate values, that the portion of the land not improved is of equal value per acre with that which is improved. Such is the theory of the complaint and the conditions upon which specific performance is sought to be enforced. The plaintiffs having failed to allege performance or tender of performance on their part, even upon the assumptions indicated, are in no position to enforce performance upon the part of the defendant.

*By the Court.*— The judgment of the county court is affirmed.