CLIVER, Respondent, vs. HEIL, Appellant.

*February 5 — February 23, 1897.*

*Contract, time for payment: Parol evidence to vary: Settlement, proof of.*

1. Upon a written contract for the performance of services, which fixes no time for payment therefor, it is due on demand; and if there is nothing on the face of the contract to indicate that it does not embody the entire agreement between the parties, parol evidence is not admissible on the part of the defendant in an action on the contract to prove a contemporaneous agreement postponing payment.
2. In an action for such services, an order given by the defendant to the plaintiff on a third person for the amount due, if not paid, is not admissible as evidence of a settlement.

APPEAL from a judgment of the circuit court for Wood county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This was an action to enforce a claim for services performed upon logs and timber, under the lien law. The amount of the claim was $291.71. The defense was that, at the time the action was commenced, the sum claimed was not due and payable, but the amount of plaintiff's claim was conceded. Services were rendered under a written contract between the parties, which did not specify any time of pay-

ment; and the defendant insisted that, by a parol agreement between the parties, the amount claimed was not to become due until on or about May 1, 1896.

The defendant offered to prove: (1) That the parties had agreed as to just what their contract was, and had some talk as to the time of payment, and that they agreed to leave that out of the written contract. This evidence was excluded, on the ground that it tended to vary the terms of the written contract. (2) That, at the time the contract was made, it was verbally agreed between them that the plaintiff was not to receive his pay until about May 1, 1896, when the defendant would receive his pay for the timber in question of the Upham Manufacturing Company; but as he did not have his contract with him so as to ascertain when it would be payable, the contract in question was drawn up without any specification on that subject, and with the verbal agreement that the plaintiff would wait for payment until the defendant should receive his money under his contract with the manufacturing company. This evidence was objected to, and excluded, as tending to vary the terms of the written contract by parol evidence. (3) That it appeared that a settlement was made between the plaintiff and defendant February 21, 1896, by which the sum claimed was found due, and the defendant gave the plaintiff an order, in general terms, bearing the date last aforesaid, upon the Upham Manufacturing Company, to pay *Henry Cliver* or bearer the amount so found due, and to charge to the account of *Louis Heil*. This order was brought into court and surrendered, plaintiff not having received anything thereon; and the defendant offered to prove that the plaintiff asked him to give the order, and, as a special favor, not to date it April 1, as he was hard up, and that possibly he might be able to get something out of it before that date; that the defendant at first refused to give said order, but, upon being pressed by plaintiff to have something to show

for his winter's work, he was induced to give the order in question. This evidence was objected to and excluded, for the reasons already stated.

The court found that the demand was due at the time of the commencement of the action, and gave judgment accordingly, from which the defendant appealed.

For the appellant the case was submitted on the brief of *John F. Cole.* He contended that it was competent, when there was an uncertainty in a written contract, to show by parol the construction put upon it by the parties. *Lyman v. Babcock,* 40 Wis. 503, and cases cited; *Nilson v. Morse,* 52 id. 240; *Lynch v. Curfman,* 68 N. W. Rep. 7; *Boles v. Welch,* 94 Wis. 189. It was competent to show a contemporaneous agreement as to manner or time of payment. *Racine Co. Bank v. Keep,* 13 Wis. 209; *Jones v. Keyes,* 16 id. 562; *Peterson v. Johnson,* 22 id. 21; *Sivers v. Sivers,* 97 Cal. 518; *Case v. Phœnix Bridge Co.* 134 N. Y. 78. The order was competent to show a modification of the written agreement. *Ballston Spa Bank v. Marine Bank,* 16 Wis. 120, 136; *Brown v. Everhard,* 52 id. 205; *Lynch v. Henry,* 75 id. 631.

For the respondent there was a brief by *W. A. & E. C. Pors,* and oral argument by *E. C. Pors.*

PINNEY, J.    There was nothing on the face of the contract upon which the action was brought to indicate or even suggest that it did not embody the entire agreement between the parties. No time of payment for the work the plaintiff was to perform was named in the contract. By a well-established rule of law, payment in such case was to be made on demand. The parol evidence offered at the trial was to prove a contemporaneous parol agreement as to the time of payment,— that payment was not to be made until on or about May 1, 1896. This evidence, if admitted, would have materially varied the construction of the written contract, although it would not have expressly contradicted its terms.

It would have the effect to add a provision to the contract that it did not contain. The evidence was clearly inadmissible. *Thompson v. Ketcham*, 8 Johns. 190; *Warren v. Wheeler*, 8 Met. 97. Where a contract has been reduced to writing, which purports to contain the whole contract, and it is not apparent from the writing itself that anything is left out, to be supplied by extrinsic evidence, parol evidence to vary or add to its terms is not admissible. *Hei v. Heller*, 53 Wis. 415; *Case v. Phœnix Bridge Co.* 134 N. Y. 78. There was no defense pleaded of a subsequent agreement to extend the time of payment. The effect of the order was to show that the sum named in it was due to the plaintiff, and to request the Upham Manufacturing Company, to which it was directed, to pay it; but the order was not paid, and was produced and surrendered at the trial. The evidence offered was properly excluded, and hence there was no error.

*By the Court.*— The judgment of the circuit court is affirmed.