WISCONSIN CENTRAL RAILWAY COMPANY, Appellant, vs. SCHUG and wife, Respondents.

*January 13—February 3, 1914.*

*Vendor and purchaser of land: Description: Certainty: Statute of frauds: Breach of contract: Existing railroad right of way.*

1. A land contract which does not specifically describe the land to be conveyed, but refers to it in such terms that by the aid of the facts and circumstances surrounding the parties at the time the court can with reasonable certainty determine the

land which is to be conveyed, satisfies the statute of frauds in this regard and may be enforced.

2. A contract to convey land is not breached by reason of the existence of a railroad right of way over it, if the right of way be either in actual use or so prepared for use that its existence and purpose are obvious and unmistakable.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Reversed.*

Action for specific performance of a land contract. The facts were as follows: May 24, 1910, the defendants, in consideration of $5 then paid by the plaintiff, granted in writing to the plaintiff the right to purchase within thirty days thereafter, if it should so elect, a certain specifically described parcel of land over which the plaintiff's right of way was already staked out, in consideration of $695 to be paid on delivery of the deed, and "a deed of conveyance of those certain tracts of land which the said railway company is to acquire from William Schug and George Wickenhauser." Both parties knew what these last named tracts of land were; they were exactly delineated on a map which was before the parties. The contract further provided that the company might at once enter on the land and construct its railroad, and contained certain further provisions as to grade farm crossings which the company was to furnish. It was contemplated by the parties that the acceptance of the option should be by mail. On June 23, 1910, a written acceptance of the option was mailed to the defendants, but not actually taken from the mail box and read by them until June 25th. Subsequently the defendants declined to execute a deed of the land although the full amount of the optional price was tendered and deeds of the parcels of land referred to in the contract which were to be acquired from William Schug and George Wickenhauser. Over one of these parcels a railroad right of way existed which had been staked out and nearly or quite graded when the contract was made, and this fact also was known to the

defendants. The circuit court concluded from these facts that the plaintiff company had fully complied with the contract and would be entitled to a conveyance from the defendants except for the fact that the contract was void under the statute of frauds because there was not a proper description or identification in the instrument of the lands which the plaintiff company was to deed to the defendants as part of the consideration of the land in question. The complaint was therefore dismissed and the plaintiff appeals.

*Spencer Haven,* for the appellant.

For the respondents there was a brief by *McNally & Doar,* and oral argument by *W. F. McNally* and *W. T. Doar.*

WINSLOW, C. J. In this case it is held:

1. A land contract which does not specifically describe the land to be conveyed, but refers to it in such terms that by the aid of the facts and circumstances surrounding the parties at the time the court can with reasonable certainty determine the land which is to be conveyed, satisfies the statute of frauds in this regard and may be enforced. *Messer v. Oestreich,* 52 Wis. 684, 10 N. W. 6; *Docter v. Hellberg,* 65 Wis. 415, 27 N. W. 176; *Inglis v. Fohey,* 136 Wis. 28, 116 N. W. 857.

2. A contract to convey land is not breached by reason of the existence of a railroad right of way over it, if the right of way be either in actual use or so prepared for use that its existence and purpose are obvious and unmistakable. *Smith v. Hughes,* 50 Wis. 620, 7 N. W. 653.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for specific performance as demanded by the complaint.