DOUGLAS, Respondent, vs. VORPAHL, Appellant.

*March 7—April 3, 1918.*

*Vendor and purchaser: Statute of frauds: Memorandum of contract: Sufficiency: Time of payment: Description of land.*

1. A written memorandum acknowledging receipt from C. V. of $15, "as part payment of $2,400, when warranty deed and abstract is given to" real property described, and signed by the owner's authorized agent, is a sufficient contract for the sale of land, under sec. 2304, Stats. No time of payment being specified, the payment is to be cash on delivery of the deed and abstract showing good title, a reasonable time being allowed for examination of the abstract.

2. The description in a contract for the sale of land is sufficient if, with the aid of the surrounding circumstances, it can be determined with reasonable certainty what land was intended; and that is a matter to be determined by the evidence on the trial, not upon a demurrer to the complaint setting out the contract.

APPEAL from an order of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Affirmed.*

The appeal is from an order overruling a general demurrer to the complaint. The action is brought by the vendor to obtain specific performance of a contract for the sale of land, and the complaint sets forth the making by the parties of an agreement evidenced by the following written memorandum or contract:

"Green Bay, Wisconsin, July 21, 1916, received of *Charles Vorpahl* $15, as part payment of (2,400) twenty-four hundred dollars, when warranty deed and abstract is given to lots number one and two, in Cady and Warren subdivision to the city of Green Bay, Wisconsin.

"O. J. DOUGLAS,
"Per J. L. Wilcox, Agent."

The question presented on appeal is whether this memorandum or contract is sufficient to satisfy sec. 2304, Stats., which requires every such contract "or some note or memorandum thereof, expressing the consideration," to be in writing and subscribed by the vendor or his authorized agent.

For the appellant the cause was submitted on the briefs of *Bruemmer & Bruemmer* of Kewaunee.

For the respondent there was a brief by *Kaftan & Reynolds* of Green Bay, and the cause was argued orally by *Robert A. Kaftan.*

WINSLOW, C. J. Under the decisions of this court the memorandum was clearly sufficient to satisfy the terms of sec. 2304, Stats. It was in writing, was subscribed by the vendor's authorized agent, expressed the consideration, described the property, and was sufficiently definite in its terms so that it can be readily gathered therefrom that it was the intention of the plaintiff to convey and of the defendant to purchase. No time of payment was specified, but this simply means that the payment is to be cash on the delivery of the deed and abstract showing good title, a reasonable time be-

ing allowed for examination of the abstract. *Schweitzer v. Connor,* 57 Wis. 177, 14 N. W. 922; *Van Doren v. Roepke,* 107 Wis. 535, 83 N. W. 754; *Oliver v. Heil,* 95 Wis. 364, 70 N. W. 346; *Williamson v. Neeves,* 94 Wis. 656, 69 N. W. .806; *Sizer v. Clark,* 116 Wis. 534, 93 N. W. 539.

It is admitted by the complaint that the description is defective because it does not name the block and because there are two Warren subdivisions in the city. However, the principle is familiar that if the contract refers to the land in such terms that by the aid of the surrounding circumstances at the time the court can with reasonable certainty determine what land is intended, it will be sufficient. *Wis. Cent. R. Co. v. Schug,* 155 Wis. 563, 145 N. W. 177. This is a matter to be determined by the evidence on the trial, not by demurrer.

*By the Court.*—Order affirmed.