WIRTHWEIN, Respondent, vs. DAILEY, Appellant.

*November 13—December 11, 1923.*

*Frauds, statute of: Contract to sell lands: Sufficiency of writing: Description of lands sold: Certainty.*

1. To comply with sec. 2304, Stats. 1921, which provides that any contract for the leasing for a longer period than one year or for the sale of any lands or any interest therein shall be void unless the contract or some note or memorandum thereof be in writing, etc., the memorandum must be definite in respect to the intention of the parties, their identity, their relations to each other, the property, the price, and the terms of payment.   p. 201.

2. A memorandum which recited that defendant received of plaintiff a certain amount of money, "part payment of house and lot," the purchase price thereof being $3,600, is insufficient, under said sec. 2304, upon which to base an action for breach of contract to sell, the memorandum failing to describe the property; and parol evidence was not admissible to show that certain property viewed by the parties was the property referred to in the memorandum.   p. 202.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

This action was begun to recover damages for the breach

of a contract for the sale of certain premises.  The question raised here is whether or not the contract upon which the action is based took the case out of the statute of frauds. The contract was as follows:

"March 13, 1920.

"Received of *Albert Wirthwein* $30, part payment on house and lot.   Purchase price $3,600.

"WILLIAM DAILEY."

Upon the trial it appeared that the property which it is claimed was to be sold was lot 40, block 2, in Rosedale Park, town of Wauwatosa, Milwaukee county, state of Wisconsin.   Much evidentiary matter is recited in the findings of fact.   It appears that the defendant viewed the real estate in question and negotiated with the plaintiff in relation to the sale thereof.   In the view which we take of the case it is not necessary to set out other facts found by the trial court.   The court held the contract sufficient under the statute of frauds, found a breach thereof, assessed the plaintiff's damages at $650, and from the judgment for that amount and costs the defendant *William Dailey* appeals.

*Gilbert J. Davelaar* of Milwaukee, for the appellant.

*Carl H. Juergens* of Milwaukee, for the respondent.

ROSENBERRY, J.   Sec. 2304, Stats., provides:

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

In order to comply with the statute the memorandum "must be definite in respect to the intention of the parties, who they are, their relation one to the other, who is the seller, who the buyer, the property, the price, and the terms of payment."   *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031.   Tested by this requirement the memorandum is

clearly insufficient. It does not describe the property. It is the contention of plaintiff that it can be shown by parol evidence that the parties viewed certain premises and that the premises so viewed are the ones referred to in the memorandum as the "house and lot." This contention is unsound and if sustained would permit any memorandum, however indefinite, to be made certain by parol evidence and the provisions of the statute would thereby be made ineffective. See *Mann v. Becker,* 171 Wis. 121, 176 N. W. 765; *Hannon v. Scanlon,* 158 Wis. 357, 148 N. W. 1082.

The respondent contends that this case is within the rule laid down in *Wis. Cent. R. Co. v. Schug,* 155 Wis. 563, 145 N. W. 177, and *Douglas v. Vorpahl,* 167 Wis. 244, 166 N. W. 833. In the *Wisconsin Central R. Co. Case* the description was "a deed of conveyance of those certain tracts of land which said railway company is to acquire from William Schug and George Wickenhauser." Both parties knew where these last named tracts of land were, and they were exactly delineated on a map which was before the parties. Under the authorities this was clearly a sufficient description. There was only one tract of land which would answer the calls of the memorandum. Any house and lot anywhere would answer the description given in the memorandum in this case.

In *Douglas v. Vorpahl,* 167 Wis. 244, 166 N. W. 833, it is held that where no time of payment is specified it is implied that the payment is to be made in cash on the delivery of the deed and abstract showing good title, a reasonable time being allowed for examination of the abstract. The premises in that case were specifically described. The case is not in point as to the sufficiency of the description.

For the reasons stated we must hold that the memorandum does not comply with the statute.

*By the Court.*—Judgment reversed, with directions to dismiss the plaintiff's complaint.