HELLER, Respondent, vs. BAIRD, imp., Appellant.

*October 12—November 9, 1926.*

*Frauds, statute of: Definiteness as to description of real estate sold: Mental competency of vendor: Evidence: Sufficiency: Specific performance: Husband succeeding to title to property upon death of wife: Survival of action: Husband as necessary party.*

1. The identification of property in an agreement to sell it as "lot numbered one (1) in block numbered seven (7) in Central Improvement Company's Subdivision, 6501 Greenfield," is sufficient under the statute of frauds, though there were several such subdivisions in the city and though the word "avenue" following the word "Greenfield" was omitted, where the proof shows that the avenue is located in the particular subdivision and the seller owned the property at the designated street number.  p. 290.

2. Where there is a complete meeting of the minds of the parties with respect to the property sold and the ownership thereof, the contract is in equity certain, as it can be made certain.  p. 291.

3. Findings of the court that the vendor (since deceased) was competent mentally at the time she executed the agreement of sale are affirmed.  p. 293.

4. The husband of the vendor of real property, who signed the contract of sale with her, is not only a proper but a necessary party to a suit for specific performance by the purchaser.  p. 293.

5. Where the vendor died during the pendency of an action for specific performance brought against her and her husband, who received title by operation of law at her death, the action was properly continued against him alone without survival proceedings.  pp. 293, 294.

6. Specific performance of the contract to purchase the lot is not inequitable where there was a complete meeting of minds as to the property and the ownership thereof, and the evidence showed the value of the property to be the identical price fixed in the contract.  p. 294.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge.  *Affirmed.*

This was an appeal by the defendant from a judgment in an action for specific performance.

For the appellant there was a brief by *Lawrence Conlan,* attorney, and *Winfred C. Zabel,* of counsel, both of Milwaukee, and oral argument by *Mr. Conlan.*

*S. D. Stern* of West Allis, attorney, and *Michael Levin* of Milwaukee, of counsel, for the respondent.

DOERFLER, J.  On the 18th day of April, 1923, one Hannah Baird and *Charles Baird,* her husband, executed and delivered to the plaintiff an agreement in writing which reads as follows:

"April 18, 1923.

"Received of M. Heller twenty-five ($25) dollars, deposit on property lot numbered one (1) in block numbered seven (7), in Central Improvement Company's Subdivision. 6501 Greenfield.  Two thousand nine hundred seventy-five ($2,975) dollars additional to be paid in ninety (90) days or before.  Deed and clear abstract to be given when two thousand nine hundred seventy-five ($2,975) dollars is paid.  Purchase price $10,000 net.

"This transaction is subject to written approval of owners, and, if not approved, money to be refunded by the undersigned, but if approved to be closed ninety (90) days from date 1923 or above deposit forfeited.  First mortgage to be taken for three (3) years.

(Sgd)    "HANNAH BAIRD.
            "CHARLES BAIRD."

The defendant Hannah Baird, on the date of said agreement, was the owner of lot 1 in block 7 in Central Improve-

ment Company's Subdivision No. 1, in the northwest quarter of section 3, town 6 north, of range 21 east, in the city of West Allis, Milwaukee county, Wisconsin. She had been desirous of disposing of this property for some time previous to the date of this agreement, and the plaintiff, a real-estate dealer, on that date called upon her, whereupon negotiations ensued which resulted in the execution of the same. Within the time provided for by the agreement the balance payable in cash was duly tendered, together with a mortgage to secure the deferred payment, which tender was refused. While the cause was pending, and before trial, Hannah Baird died intestate, leaving as her sole heir at law the defendant *Charles Baird.*

The defendant *Charles Baird,* among other things, pleaded the statute of frauds as a defense. The evidence disclosed that there were a number of Central Improvement Company's subdivisions in the city of West Allis, but that the subdivision in which No. 6501 Greenfield avenue is located is known as Central Improvement Company's Subdivision No. 1. While the agreement does not in express terms describe this property as 6501 Greenfield *avenue,* it is quite commonly known that the word "avenue" is frequently omitted, and when a number like the one in question is used in connection with the name of the street it refers to a street or avenue. The agreement does not mention a city, county, or state, and it is claimed that the agreement is defective in that respect because the deceased may have owned property of corresponding number on a street called "Greenfield," in some other city than West Allis, and in another county and state. However, the undisputed evidence is to the effect that the deceased did own the property known as 6501 Greenfield avenue, in the city of West Allis; that she occupied the same on the date of the agreement and for some time thereafter, as her home; and that this prop-

erty was the only property which she ever owned. There was therefore a complete meeting of the minds of the parties with respect to the property to be sold, the location of the property, and the ownership thereof. In equity, that is certain which can be made certain.

In the case of *Wis. Cent. R. Co. v. Schug,* 155 Wis. 563, 145 N. W. 177, Mr. Chief Justice WINSLOW, in the opinion rendered by him, said:

"A land contract which does not specifically describe the land to be conveyed, but refers to it in such terms that by the aid of the facts and circumstances surrounding the parties at the time the court can with reasonable certainty determine the land which is to be conveyed, satisfies the statute of frauds in this regard, and may be enforced." Citing *Messer v. Oestreich,* 52 Wis. 684, 10 N. W. 6; *Docter v. Hellberg,* 65 Wis. 415, 27 N. W. 176; *Inglis v. Fohey,* 136 Wis. 28, 116 N. W. 857. See, also, *Harney v. Burhans,* 91 Wis. 348, 64 N. W. 1031.

In *Durkin v. Machesky,* 177 Wis. 595, 188 N. W. 97, in the opinion by Mr. Justice JONES it is said:

"If the writing had contained, in·addition to that used, such words as 'my property,' or 'the property in my possession,' and if defendant had owned no other property or had possession of none other at the place in question, or if some similar language had been used as a foundation for the parol evidence, a different situation would be present, and the rule 'that is certain which can be made certain' might be invoked."

In the present action deceased was in possession of the identical property which the plaintiff claims to have purchased under land contract, and it was the only property which she had ever owned. There was no difficulty, therefore, confronting the court in the identification of the property, and the agreement for that reason fully met the requirements of the statute of frauds.

Defendant's counsel rely largely upon the case of *Wirth-wein v. Dailey,* 182 Wis. 200, 196 N. W. 221. In that case the contract read as follows:

"March 13, 1920.

"Received of Albert Wirthwein $30, part payment on house and lot. Purchase price $3,600."

This contract was held void because it failed to describe the property. The court in its opinion said:

"It is the contention of plaintiff that it can be shown by parol evidence that the parties viewed certain premises and that the premises so viewed are the ones referred to in the memorandum as the 'house and lot.' This contention is unsound, and if sustained would permit any memorandum, however indefinite, to be made certain by parol evidence, and the provisions of the statute would thereby be made ineffective." Citing *Mann v. Becker,* 171 Wis. 121, 176 N. W. 765; *Hannon v. Scanlon,* 158 Wis. 357, 148 N. W. 1082.

The contract in the *Wirthwein Case* and in the instant case are so entirely different that no useful purpose would be served in an attempt to make comparisons.

Upon the trial of the action the defendant. *Charles Baird* moved to amend his answer by alleging in substance that the deceased, Hannah Baird, at the time she executed the agreement was incompetent mentally, and that therefore the agreement was void. Considerable evidence was introduced in support of such defense to the effect that the deceased had a violent and ungovernable temper; that she had periods where she frequently broke out into hysterics and became rather unmanageable; and that she was possessed with a fixed idea that her property was infested with germs. The evidence also showed that for a number of days prior to April 18, 1923, she was laboring under such spells. The court found, among other things:

"That Hannah Baird for several years prior to the execution of the instrument . . . was subject to attacks which

seriously disturbed her mental state; that at the time of entering into said agreement· . . . the defendant *Charles Baird* was present and participated in said transaction."

Considerable evidence was introduced by the plaintiff showing that the deceased, while of a high-strung, nervous disposition, fully understood the nature of a business transaction; that she personally attended to the affairs of her household and to her marketing; and that in her social relations she was perfectly normal. The question of her mental competency, under the evidence, therefore became one for the determination of the court; and a careful reading of the evidence convinces us not only that the findings of the court are fully supported by the evidence, but that at the time she executed the agreement she was mentally normal and fully capable of understanding the entire nature of the transaction, and that she fully understood it.

At the outset of the trial the defendant moved to dismiss the action because Hannah Baird had previously thereto died, and because no survival proceedings had been instituted and conducted. It was not disputed that the defendant *Charles Baird* was her husband and that the title to the property, by operation of law, after the deceased's death, devolved upon him. The evidence also discloses that this property originally belonged to the defendant *Charles Baird;* that at the time of the death of the deceased there was found in her lock-box a deed of the property from her to her husband, which deed was unrecorded. The defendant *Charles Baird* signed the contract with his wife, thus evidencing that he had some interest therein. Under these circumstances he was not only a proper but also a necessary party, and having by devolution resulting from the death of his wife become the sole owner of the property, specific performance could be enforced as against him. A different situation would have been presented if Hannah Baird had been designated as the sole defendant in the

case. Under the circumstances thus existing, however, proceedings for survival of the action would have constituted a mere idle ceremony.

The court, upon proper evidence, found that the value of the property at the time of the making of the agreement was the sum of $10,000, which is the identical price fixed in the agreement. There was nothing inequitable confronting the court to prevent enforcement of the contract. Under these circumstances the judgment of the court decreeing specific performance must be affirmed.

*By the Court.*—Judgment affirmed.