WHITE, Respondent, vs. MACHOVEC and others, Appellants.

*February 8—March 6, 1934.*

*Harry T. Jordan* of Hillsboro, for the appellants.
*J. T. Dithmar* of Elroy, for the respondent.

NELSON, J.   In 1917 defendant Mahr was the owner of a farm located in the town of Greenwood, Vernon county, Wisconsin.   On November 2, 1917, he and his wife entered into an agreement with the village of Hillsboro which provided:

"That the parties of the first part, for and in consideration of the sum of two hundred fifty dollars, to them in hand paid, the receipt whereof is hereby acknowledged, have contracted and sold to the party of the second part the right to take and remove shale from the hill now opened by the parties of the second part on the farm now owned by the parties of the first part in the town of Greenwood, Vernon county, Wisconsin, for the period of twenty-five years from the date hereof.

"And the parties of the first part agree to execute and deliver to the party of the second part a good and sufficient

deed for the said land, as soon as same can be properly surveyed and staked out, it being understood that the title in the fee in said land is to remain in the parties of the first part."

At the time said agreement was entered into the shale pit had been opened up. Thereafter the village continued to remove shale from the pit for the purpose of improving its streets and for other purposes. The village did not record its contract although it was duly witnessed and acknowledged. On September 14, 1931, the plaintiff entered into a contract with defendant Mahr and his wife for the purchase of the farm. Pursuant to such contract a warranty deed was delivered to the plaintiff. Thereafter the plaintiff forbade the officers and employees of the village to enter the pit or to remove shale therefrom. The village, however, continued to remove shale from the pit until restrained by the judgment herein.

The court was of the opinion that the description of the land contained in the agreement was so indefinite as to render the contract void for lack of sufficient description and therefore incapable of enforcement.

Although the officers of the village testified that it was understood and agreed between them and Mahr that two acres of shale were intended to be conveyed to the village, no question involving the exact description of the shale intended to be sold is before us. The village is not seeking to compel specific performance of an alleged agreement to convey two acres of shale to the village. It is simply standing on its asserted right to remove shale from the pit. Considering that only the right of the village to remove shale for a period of twenty-five years pursuant to the terms of the contract, not the right to compel the execution of a deed to two acres, is involved in this action, it is our opinion that the contract was made definite and certain by the evidence as to the surrounding circumstances existing at the time the contract was entered into. Whether the contract

is a lease similar to a mining lease involving the right to mine and remove shale, or whether it is a license to enter the pit and remove shale for a period of twenty-five years, is immaterial. The agreement clearly grants to the village the right to take and remove shale. The place from which the village has the right to take and remove shale is "the hill now opened by the parties of the second part on the farm now owned by the parties of the first part in the town of Greenwood, Vernon county, Wisconsin." The surrounding circumstances clearly show that the village had opened a shale pit in a certain hill on a certain farm in a certain town. There is no testimony to the effect that the Mahrs owned more than one farm in that particular town. The law is well settled that a description which can be made definite and certain by evidence is sufficient. *Messer v. Oestreich,* 52 Wis. 684, 10 N. W. 6; *Inglis v. Fohey,* 136 Wis. 28, 116 N. W. 857; *Wisconsin Central R. Co. v. Schug,* 155 Wis. 563, 145 N. W. 177; *Durkin v. Machesky,* 177 Wis. 595, 188 N. W. 97; *Heller v. Baird,* 191 Wis. 288, 210 N. W. 680; *Spence v. Frantz,* 195 Wis. 69, 217 N. W. 700; 8 Ruling Case Law, pp. 1075, 1077. In our opinion the court erred in holding that the agreement which granted to the village the right to take and remove shale from the hill now opened on the farm now owned by the parties of the first part in the town of Greenwood, etc., was so indefinite and uncertain as to be unenforceable.

Although the agreement was not recorded prior to the time the Mahr farm was conveyed by warranty deed to the plaintiff, the defendants contend that the plaintiff is not a "subsequent purchaser in good faith." Sec. 235.49, Stats. Although the question as to whether the plaintiff was a subsequent purchaser in good faith was litigated, the court was evidently of the opinion that it was unnecessary for it to make a specific finding on that issue. Upon the conclusion of the trial the court filed a comprehensive written decision in which it expressed its conclusion that the descrip-

tion in the agreement was so indefinite as to be incapable of enforcement. In discussing the question of damages sustained by the plaintiff the court said:

"Coming to the question of damages, I am clearly of the opinion that the plaintiff is not entitled to any damages for depreciation in the value of his premises. He bought these premises with full knowledge of the extent of the excavation that had been made in the premises, because he had lived in the immediate neighborhood all of his life and, in fact, part of the time had assisted in hauling gravel from this very pit into the village of Hillsboro.

"It is in evidence, and undisputed so far as I recall the evidence, that both Frank Mahr and his wife conducted considerable negotiations for the sale of this land to the plaintiff and that plaintiff's original offer of $5,000 was reduced at his suggestion because of the fact that the village of Hillsboro had two acres of it for a shale pit."

While the statement just quoted is not strictly correct in that the plaintiff denied that he had ever made an offer of $5,000 for the farm and denied knowledge of the rights of the village granted by the contract, the evidence is almost overwhelming to the effect that the plaintiff knew that the village had the right to remove shale from the pit in question. It is undisputed that the plaintiff resided in or near to the village during all the years from 1917 to 1931; that he knew that the village was continually removing shale from the pit; that at one time one of his own teams was employed by the village to haul shale from the pit, and that it was common knowledge in that vicinity that the village had certain rights in and to the pit. The president of the village, who was a banker and interested in selling the Mahr farm to the plaintiff, testified that he talked to the plaintiff about purchasing the farm; that he tried to sell the farm to him for $6,000 but that the latter refused to pay any such price because the village had two acres of shale and the town of Greenwood had one acre and as a consequence

the farm was worth not more than $5,000; that thereafter the plaintiff stated that he would not pay over $4,500 for the farm because the village had the right to two acres of shale. Both Mahr and his wife testified that at the time they sold the farm to the plaintiff the latter was fully advised as to the rights of the village in and to the shale pit. Dr. Holmes, who in 1931 was a member of the village board and served on the street committee, testified that the plaintiff told him on the day the plaintiff obtained his contract that he had just bought the farm and that the village had lost its shale because the contract for the pit was not on record.

In view of the fact that the trial court so forcibly expressed its views on the question as to the plaintiff's lack of good faith, we are of the opinion that it is unnecessary to send the case back for a specific finding on that issue. Under the evidence a finding that the plaintiff was a purchaser in good faith would clearly be against the great weight and clear preponderance of the evidence and could not be sustained. It is very clear that the plaintiff, at the time of purchasing the land, at least had sufficient knowledge of the existence of the rights of the village to remove shale to put him upon inquiry even though he had no knowledge as to the exact terms of the contract entered into with the village. *Quinlan v. Pierce,* 34 Wis. 304; *Pippin v. Richards,* 146 Wis. 69, 130 N. W. 872; *Simpson v. Cornish,* 196 Wis. 125, 218 N. W. 193; *Haag v. Gorman,* 203 Wis. 346, 234 N. W. 337.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint and to grant to the village of Hillsboro the relief prayed for in its counterclaim.