The State ex rel. Sawyer, Appellant, vs. Greene, Respondent.

*November 11 — November 26, 1895.*

*Witnesses: Fees: Commitment for failure to recognize: Certificate of attendance: Mandamus.*

1. One who was committed to jail in default of a recognizance for her appearance as a witness before the circuit court in a criminal case, which, however, was never brought to trial, so that, in fact, she was not at any time in the circuit court, was not sworn, and did not testify, is not entitled to a certificate of attendance, etc., under sec. 4060, R. S., and cannot compel by *mandamus* the issuance of such a certificate.

2. The clerk of the circuit court is not bound to issue a certificate of attendance, etc., under sec. 4060, R. S., in all cases where an affidavit such as is mentioned in that section is presented to him, regardless of the fact whether the person claiming fees has attended or not.

Appeal from a judgment of the circuit court for Marinette county: S. D. Hastings, Jr., Circuit Judge. *Affirmed.*

The relator was a witness on the part of the state in a criminal examination before a justice of the peace. The defendant in that proceeding was held for appearance in the circuit court. The justice required the relator to give re- cognizance for her appearance as a witness before that court. She failed to give recognizance, and was committed to the common jail, where she remained from December 29, 1892, until October 7, 1893, when she was discharged. The cause in which she had been required to recognize was never brought to trial, and the relator never appeared in court as a witness therein.

This is an action of *mandamus* against the clerk of the circuit court, to require him to issue to the relator " a cer- tificate of the number of days she attended as a witness for the state in the said action, and the amount of compensation due her, viz. for two hundred and ninety-seven days of at- tendance, and compensation at the rate of one dollar and fifty cents a day, amounting to the sum of five hundred and forty-four dollars." The trial resulted in a finding and judg- ment for the defendant, from which the relator appeals.

*T. R. Hudd,* for the appellant, contended, *inter alia,* that under sec. 4060, R. S., the clerk has no discretion in the mat- ter of issuing the certificate when the prescribed affidavit is presented. *Att'y Gen. ex rel. Cushing v. Lum,* 2 Wis. 507; *State ex rel. Gill v. Common Council of Watertown,* 9 id. 254; *State ex rel. Treat v. Richter,* 37 id. 275; *State ex rel. White v. Winn,* 19 id. 305; *People ex rel. Debenetti v. Gale,* 22 Barb. 502; *People ex rel. Debennetti v. Clerk of Marine Court,* 3 Abb. N. Y. App. 491; *People ex rel. Nevins v. Willis,* 5 Abb. Pr. 205; *State ex rel. Ward v. Assessors of Delavan,* 1 Wis. 345. A witness committed in default of bail to appear in a criminal court, is in attendance upon the court, within the meaning of the statute providing for the payment of wit- ness's fees, and is entitled to fees during the time of com- mitment. *Robinson v. Chambers,* 94 Mich. 471, 473; *Hutch-*

·ins v. State, 8 Mo. 288; State v. Stewart, 1 Law Repos. (N. C.), ·524 (138); Higginson's Case, 1 Cranch, C. C. 73.

E. C. Eastman, for the respondent.

·NEWMAN, J.   A fee of $1.50 "for attending in any action or proceeding in a court of record" is provided for each witness who so attends.  R. S. sec. 4067.  Sec. 4060 provides that the fees of all witnesses on the part of the state in a criminal action or proceeding shall be paid by the county in which the offense which is the subject thereof was committed; and that, when the action is pending in the circuit court, the clerk thereof, "upon proof by affidavit of his attendance and travel, shall give each such witness a certificate of the number of days' attendance, number of miles traveled, and the amount of compensation due him;" which certificate is to be paid out of the county treasury.  It is to compel the issuing of such a certificate, upon such an affidavit, that this action is brought.

The remedy by peremptory writ of mandamus is given only where the right and duty are clear.  State ex rel. Pfister v. Manitowoc, 52 Wis. 423.  So, unless it shall clearly appear that the relator in fact attended as a witness in an action in the circuit court, within the intention of the statute, she has failed to show that she is entitled to the certificate or to this remedy to compel its issue to her.  It seems quite clear that to entitle her either to the certificate or to this remedy she should establish clearly that she attended in the circuit court as a witness.  It is clear that she was not at any time in fact in the circuit court, that she was not sworn, and did not testify.  This seems to show with considerable clearness that she did not attend as a witness in that court.  It cannot be within the contemplation of the statute that the certificate must be issued in all cases where the formal proof by affidavit, as mentioned in the statute, shall be presented to the clerk, regardless of the fact whether the person claiming fees

has in fact attended or not. The clerk may, doubtless, if he will, take the responsibility of contesting that question. The right to the certificate depends primarily on the fact of the attendance as a witness, and only secondarily on the proof by affidavit. The facts do not show a clear right in the relator to the fees claimed, under sec. 4060, nor to a remedy by *mandamus.*

*By the Court.*— The judgment of the circuit court is affirmed.