THE STATE EX REL. ASHLAND WATER COMPANY, Respondent,
vs. BARDON, Mayor, etc., and others, Appellants.

*April 27 — May 16, 1899.*

*Ashland city charter: Action on claim after expiration of time limited:
Jurisdiction: Remedies: Circuit courts: Special term.*

1. A city charter providing that the failure of the common council to
   pass upon a claim within sixty days after presentation shall be
   deemed a disallowance thereof, final and conclusive, and a bar to
   any action founded thereon in any court except an appeal be taken
   as the charter provided, and that after a claim has been disallowed
   in whole or in part it shall not again be considered or allowed by
   the council, limits the claimant to only one remedy, that of appeal,
   and prohibits the common council from again considering it.
2. A claim having been duly presented and the limitation of time hav-
   ing expired without any action by the council, its action, there-
   after, in allowing the claim, confers no authority and imposes no
   duty on the city officers to issue an order on the treasurer for its
   payment, nor on the treasurer to pay such claim, which can be com-
   manded and enforced by *mandamus.*
3. The last paragraph of sec. 2424, Stats. 1898, relates to all the circuits
   of the state and makes every term a special term for the whole cir-
   cuit, unless otherwise ordered by the court.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Reversed.*

Appeal from judgment for imperative writ of *mandamus*
to compel *Bardon* as mayor, and *Wharton* as city clerk, of
Ashland to issue an order, *Crogster* as comptroller to coun-
tersign, and *Lafrèniere* as treasurer to pay, the same. The
petition alleges a contract between the relator and the city
of Ashland to furnish certain fire hydrants with water at
certain annual rates, to be paid at specified dates; the fact
of the furnishing, the presentation of bill on April 2, 1898,
for the sum of $6,980; that it thereupon became the duty of
the city clerk to deliver the same to the comptroller for ex-
amination, for him within thirty days to mark his approval

thereon, or his reasons for disapproval, and then is required submission of the same to the council for its action in allowing or disallowing it; that for sixty days after the presentation no action was taken either by the comptroller or by the city council, which sixty days expired on the 1st day of June, 1898; that on the 14th day of June, after the expiration of sixty days, and without either approval or disapproval by the comptroller, the common council passed a resolution in terms allowing said claim; that thereupon it became the duty of the respective appellants to perform the acts commanded by the *mandamus*, which they refused to do upon request, although there was money in the hands of the city treasurer belonging to a specific fund for the payment of such claim. The return controverts none of the facts, but alleges as additional that the relator did, on the 20th of June, within twenty days after the expiration of the sixty days from the filing of said claim, perfect an appeal in accordance with the charter to the circuit court, which allegation was admitted by the relator. The charter of the city of Ashland on the subject of claims provides that the failure of the common council to pass upon a claim within sixty days after the presentation thereof shall be deemed a disallowance thereof, and that a disallowance shall be final and conclusive, and a bar to any action in any court founded thereon, except an appeal to be taken in the manner prescribed. It also provides that after a claim has been disallowed in whole or in part it shall not again be considered or allowed by the common council. The mayor and clerk are authorized to draw, and the comptroller to countersign, orders for the payment of money, only when authorized by a vote of the common council, and the treasurer is authorized to pay only upon such orders. The matter was heard and judgment rendered at Hurley on the first day of the regular term for Iron county as a special term for Ashland county.

For the appellants there was a brief by *Brossard & Colignon*, and oral argument by *E. E. Brossard*.

For the respondent there was a brief by *Tomkins & Merrill*, and oral argument by *W. M. Tomkins*.

Dodge, J. No reason is apparent why this case is not ruled by the principles announced in *Seegar v. Ashland*, 101 Wis. 515, and the earlier cases therein referred to. It was there held that the nonaction of the council for sixty days after the presentation of a claim constitutes a disallowance of it; that such a disallowance is within the meaning of the section prohibiting the council from again considering or allowing such claim; that those provisions had the purpose, among others, of protecting the public treasury against the acts of public officers; and that the protection so accorded could not be waived by the common council. In the *Seegar Case* it was held that the action of the council, after the expiration of the sixty days, in disallowing the claim, was an entire nullity, the consideration thereof being prohibited by the charter; that upon such disallowance one remedy, and one only, is given to a claimant, and that is an appeal to the circuit court; and that "after such disallowance the council is prohibited, not only from allowing the claim, but from considering it. It can neither subject the treasury to a certain burden by a vote of allowance, nor, as claimed to be accomplished in this case, can it, by an express vote of disallowance, subject that treasury to the contingent burden which would result from an enlargement of the time for an appeal." In the light of such construction of the charter provisions, we are constrained to hold that the claim of this relator became "disallowed by the council" June 1st. Thenceforward the public moneys in the treasury were shielded by the statute from any liability to such claim or claimant save only through the action of the circuit court invoked by appeal. The action of the common council there-

after in voting allowance was prohibited by express law, and was a complete nullity. It neither conferred authority nor imposed any duty upon the mayor, clerk, comptroller, or treasurer to perform any of the acts commanded by the judgment of the circuit court.

A further objection is urged by appellants, that the regular term for Iron county was not a special term for Ashland county. This is predicated on the contention that the last paragraph of sec. 2424, Stats. 1898, has relation only to the Seventeenth circuit, which immediately precedes it. Such construction is wholly unwarranted. The arrangement and the purpose of the whole section make perfectly plain that the final paragraph, like the opening one, applies to all circuits in the state, and constitutes every term in any county a special term for the whole circuit, unless otherwise ordered by the court.

*By the Court.*— Judgment reversed, and cause remanded with directions to deny the writ prayed for.