KNUTSON, Administrator, and others, Respondents, vs. ANDERSON, Appellant.

*January 8—February 4, 1936.*

For the appellant there was a brief by *J. Henry Bennett* of Viroqua, attorney, and *Grady, Farnsworth & Walker* of Portage of counsel, and oral argument by *Daniel H. Grady*.

For the respondents there was a brief by *Higbee & Higbee* of La Crosse, attorneys for the individual respondents, and by *Jorgan A. Moen* of Viroqua, attorney for the respondent administrator, and oral argument by *Jesse E. Higbee*.

Rosenberry, C. J.   Upon this appeal the defendant complains of so much of the judgment as adjudges the plaintiffs are entitled to a deficiency judgment upon the following grounds:  (1) That the rights of the plaintiffs are those of equitable mortgagees; that the judgment for a deficiency was not authorized by the decision and mandate of this court upon the former appeal; (2) that the statute authorizes a deficiency judgment only when the mortgage contains an express covenant to pay or secures a bond or other instrument in which payment is promised; (3) that in this case there is no express covenant for payment, and no bond or other separate instrument promising payment is secured by the mortgage.

It is considered that the position of the appellant is not well taken.   It is true that in the opinion it was said that the rights of the plaintiffs were those of equitable mortgagees. That language, however, must be read in connection with the facts of the case and other language contained in the opinion. The court said:

"This contract contemplated that a new contract evidencing the obligation to pay and to perform would take the place

of the land contract and be secured by a mortgage. Through inadvertence, or some other circumstance not disclosed, these instruments were not executed. The vendors and the beneficiaries of the preliminary contract had a specifically enforceable right, and still have the right, to have executed the contract and mortgage originally contracted for, and their position is clearly that of equitable mortgagees. . . .

"The conclusion is that, at the time of the execution of the deed, appellant still owed whatever balances were then due; that to the extent that he has not since paid them, he still owes them; that the title is in appellant, subject to the rights of respondents to subject the premises to the payment of this debt. . . .

"It appearing that all of the facts essential to a proper judgment are wholly without dispute, the cause should be remanded, with directions to enter a proper judgment of foreclosure and sale, under the provisions of ch. 278, Stats."

Ch. 278, Stats., is entitled "Foreclosure of Mortgages." Sec. 278.04 of that chapter provides for a deficiency judgment. It is urged that the complaint of the plaintiffs contains no request for a deficiency judgment (sec. 278.04), and for that reason the plaintiffs are not entitled to an award of a judgment for a deficiency. While it is true that the plaintiffs who sought a strict foreclosure of the contract under which their rights arose and not a foreclosure of the mortgage to which they were entitled, and for that reason failed to include a request for a deficiency judgment in the complaint, this court, however, held that they were entitled to the remedy to which they would have been entitled had they commenced an action for specific performance and they had been awarded a foreclosure of the mortgage made pursuant thereto. Under the circumstances of this case it must be considered that the complaint must be deemed amended in the respect complained of. This court said:

"The rights of the respondents [plaintiffs] are no greater or different than they would have been had a mortgage been executed in compliance with the provisions of the preliminary contract. Their rights are to foreclose and to sell in the usual way."

The defendant, Victor Anderson, was under obligation by the terms of his contract to pay the amounts found to be due to the plaintiffs. The payment of these sums was to be secured by the mortgage to be executed, so that all of the elements necessary to entitle the plaintiffs to a judgment for a deficiency are present in this case. In that respect this case differs from cases where land is deeded to secure payment of a sum of money, and it is thereafter sought to foreclose the deed as an equitable mortgage. Here a mortgage was contracted for, and the matter was treated as if the mortgage which the defendants agreed to give had in fact been given.

It is next objected that the right of the plaintiffs to a deficiency judgment being several and not joint and several, the judgment complained of cannot be entered in this action. The plaintiffs were proper and necessary parties to this action. The payment of the sums due them under the contract were equally and ratably secured by the contract, and were to be secured equally and ratably by the mortgage thereafter to be given in accordance with the contract. While it is true that the right of the plaintiffs to a deficiency judgment is several and not joint, being properly before the court, we see no reason why the rights of the several plaintiffs may not be determined in this action and the proper judgment entered under our liberal forms of procedure. It is quite true that this would not have been proper under earlier procedural practice. This court has held that there may be more than one judgment in an action. *Scharine v. Huebsch*, 203 Wis. 261, 234 N. W. 358. Nothing would be gained by adherence to a practice which has long since been modified by statute or abandoned by the courts.

*By the Court.*—The judgment appealed from is affirmed.