STATE EX REL. ADAMS COUNTY STATE BANK, Respondent, vs. KURTH and others, Appellants.

*November 6—December 5, 1939.*

*John Conant* of Westfield and *M. S. King* of Wisconsin Rapids, for the appellants.

For the respondent there was a brief by *Thomas, Orr & Isaacson,* and oral argument by *Joseph G. Werner,* all of Madison.

FRITZ, J.   This action for a writ of *mandamus* was brought by the relator, Adams County State Bank, to command Willis Kurth, as county clerk of Adams county, to pay to the relator $1,050.10 owing by the county to William H. Ward, against whom the relator had taken a judgment, a certified copy of which it had filed under sec. 304.21, Stats., with Kurth as clerk of Adams county.   Under that statute a judgment creditor may file a certified copy of his judgment with the county clerk of a county whenever the judgment debtor has money due, or to become due, from the county, and upon such filing it becomes the duty of the proper county officers, after thirty days, to pay to the owner of the judgment all sums due, and becoming due, to the judgment debtor, until the judgment is fully paid.   Upon the county clerk's failure to pay the relator's judgment, it brought this action of *mandamus* and joined William H. Ward, W. A. Ward, and Adams county as defendants.

The relator alleged in its petition that the judgment debtor, William H. Ward, had money due from Adams county on sales made to it in the name of Ward Oil Company, which

was identical with the person of William H. Ward. In their returns to the alternative writ of *mandamus* the defendants alleged in effect that W. A. Ward was the sole owner of the Ward Oil Company; that the moneys due from Adams county were owing to W. A. Ward; and that William H. Ward was not entitled thereto. At the commencement of the trial, defendants' counsel moved to quash the peremptory writ on the ground that the plaintiff had an adequate remedy at law, but instead of having the court then rule on their motion to quash, defendants' counsel said, "I don't expect you to sustain the ruling now because I think you should hear the proof and decide it on the merits. You can reserve your ruling on that." Thereupon the trial proceeded on the merits, and after an apparently full and fair hearing on the merits, during which there does not appear to have been any ruling which the defendants consider erroneous or prejudicial to them, the court found and concluded that certain transfers and assignments from William H. Ward to W. A. Ward of the assets of the business conducted by William H. Ward under the name of Ward Oil Company, and by virtue of which transfers and assignments the defendants claimed that the indebtedness of Adams county was due to W. A. Ward, were fraudulent and void as against the plaintiff, because they were not made in good faith, but were made with intent to hinder, delay, and defraud the present and future creditors of William H. Ward, and without a fair consideration, or compliance with the Bulk Sales Law (sec. 241.18, Stats. 1937), or any delivery of the assets of the Ward Oil Company to W. A. Ward or any actual and continued change of possession thereof from William H. Ward; and that therefore the money due to the Ward Oil Company from Adams county was the money of William H. Ward, and subject to the rights of the relator by virtue of its garnishment of the money.

Although, as the appellants contend, *mandamus* will not lie to compel performance of an official act when the officer's

duty is not clear and requires the exercise of judgment and discretion (*State ex rel. Sawyer v. Greene,* 91 Wis. 500, 65 N. W. 181; *State ex rel. Gericke v. Mayor and Common Council of Ahnapee,* 99 Wis. 322, 74 N. W. 783; *Board of Education of South Milwaukee v. State ex rel. Reed,* 100 Wis. 455, 76 N. W. 351; *State ex rel. Ashland Water Co. v. Bardon,* 103 Wis. 297, 79 N. W. 226), there is an implied approval by an *obiter dictum* statement in *Chadek v. Forest County,* 206 Wis. 85, 238 N. W. 850, of the practice of proceeding by *mandamus* against an officer whose duty it is to make a payment to a judgment creditor under sec. 304.21, Stats. The statement was induced by the failure to disapprove of the resort to *mandamus* in *Jefferson Transfer Co. v. Hull,* 166 Wis. 438, 166 N. W. 1. The purpose in that case, as well as in the *Chadek Case,* was to have an adjudication as to whether a judgment creditor, who had proceeded under sec. 304.21, Stats., or a trustee in bankruptcy of the judgment debtor was entitled to payment of money owing to the latter by a governmental unit. In each case the determination of that question required the exercise of judgment in respect to rather complicated and difficult questions of law, because of which the proper manner of performing the officer's duty was not clear. However, as the propriety of resorting to *mandamus* was not questioned or determined neither of the cases cited should be deemed decisive on that point as only questions of law were involved. And inasmuch as determination of whether the county was indebted to William H. Ward instead of W. A. Ward required the exercise of judgment in respect to issues of fact, as well as of law, because of which the county clerk's duty was certainly not clear in the case at bar, the defendants' motion to quash should have been granted when it was made, but for the fact that the defendants then suggested and consented to the court hearing the proof and deciding the merits. Even if the relator was in error in seeking relief by *mandamus* in the first instance, it does

not follow, in view of the defendants' consent to a trial on the merits, that the court was precluded, after rendering its decision on the merits, from granting such relief as the evidence which was introduced on the trial and was competent and relevant under the pleadings established the relator to be entitled to. The trial court, as a court of general jurisdiction, had jurisdiction of the subject matter in whatever form of action or proceeding the resulting issues could rightly have been raised, as well as the power to grant in some such action relief to the relator upon the facts proven and found herein. As all parties interested in the subject matter were joined as parties herein, and consented to a trial on the merits of the issues which the court determined, and no party was deprived in the course of the trial of any substantial procedural right, which could have been exercised in some other appropriate form of action, it does not necessarily follow that there must now be a dismissal of this action, or even a new trial because *mandamus* was not the proper form of action. *State ex rel. Young v. Maresch,* 225 Wis. 225, 233, 273 N. W. 225; *Silgen v. Fond du Lac,* 225 Wis. 335, 338, 274 N. W. 256. To hold otherwise in the case at bar would subordinate substance and merits, which entitled the relator to relief, to an error in a matter of form, which has not affected any substantial right of the defendants, in disregard of the provisions that,—

"No judgment shall be reversed or set aside or new trial granted in any action or proceeding, . . . for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial." Sec. 274.37, Stats.

It follows that the defendants, as well as the plaintiff, are bound by the findings of fact and conclusions of law made by the court after the trial on the merits to which all consented. Inasmuch as the relator is entitled upon those findings and

conclusions to payment by Adams county of $1,050.10 out of the money which it owed William H. Ward on sales made under the name of Ward Oil Company, the court should have ordered and entered a judgment for the relator's recovery of that amount with costs from the county, instead of ordering the issuance of the peremptory writ of *mandamus.*

*By the Court.*—The order for the issuance of the peremptory writ is reversed; and the cause is remanded with directions to vacate that writ and in lieu thereof enter judgment for the recovery by the relator of $1,050.10 with costs from Adams county. No costs shall be taxed in this court, but the relator shall pay the clerk's fees.