NICKEL, Appellant, vs. BLACK and another, Respondents.*

*December 3, 1945—January 8, 1946.*

* Motion for rehearing denied, with $25 costs, on March 12, 1946.

*Paul E. Bornemann* of Milwaukee, for the appellant.
*Samuel J. Schrinsky* of Milwaukee, for the respondents.

BARLOW, J.   After receiving respondents' answer appellant demanded a bill of particulars under sec. 263.32, Stats.   An original and copy of the bill of particulars were forwarded to appellant's counsel after the expiration of ten days from date of demand.   Appellant's counsel retained a copy, returning the original with a notation thereon: "Received copy this 29th day of September, A. D. 1944."   The action did not come on for trial until April 16, 1945, and counsel objected to respondents being permitted to give evidence relative to the items in the account, as the bill of particulars had not been served within the ten days required by statute.   No proof was offered

that this interfered with appellant's counsel preparing for trial or that he was deprived of the opportunity to present evidence to disprove the bill of particulars, and there is no evidence that respondents' counsel was informed that objection would be made to the receipt of the evidence to sustain the bill of particulars as served at the time of trial. It is considered that the court properly received the evidence over appellant's objection.

The question in dispute in this action is whether a payment was made on October 1, 1942, in addition to the payment made by check October 12, 1942. Agnes Black testified that on October 1, 1942, she paid the sum of $500 in cash and received the yellow copy of receipt number 992, dated that day. It is undisputed that a payment of $500 was made by check dated October 12, 1942. Credit is claimed for the two payments. Appellant denies that a payment of $500 in cash was made on October 1, 1942, and explains that the receipt dated October 1, 1942, is the receipt for the postdated check of October 12, 1942, which receipt was dated back to October 1, 1942, so as to prevent any freezing of lumber by the OPA. To sustain his position he shows that triplicate receipts issued from an autographic register containing rolls of receipts in triplicate demonstrate that receipt 992 must have been issued on or about October 9, 1942, which is the date he claims the postdated check of October 12, 1942, was delivered. This is confirmed by the dates on prior and subsequent receipts to receipt number 992. Only one receipt was issued for the two payments in question.

The trial court found that payment was made on October 1, 1942, as claimed by respondents, for which they were entitled to credit. The sole question is whether this is against the great weight and clear preponderance of the evidence. The trial court had an opportunity to observe the witnesses and weigh their credibility. He undoubtedly gave due consideration to the dates on which receipts of prior and subsequent numbers

were issued, and after due consideration concluded that the payment of $500 had been made on October 1st, as claimed by respondents. To substantiate this conclusion there is the testimony of Agnes Black, together with the receipt issued by appellant dated October 1, 1942. Under this statement of facts it is considered that the judgment is not against the great weight and clear preponderance of the evidence.

Appellant also contends that defendants should not have been permitted to interpose a counterclaim on the day of trial. After allowing credit of the amounts which it was agreed by both parties respondents were entitled to, it was also agreed that in the event the item of $500 which was in dispute was allowed, respondents had made an overpayment of $50.45, for which they were entitled to refund as an overpayment. It was for this amount that the court permitted a counterclaim to be interposed. This was proper under sec. 269.44, Stats., which provides:

"The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or *vice versa;* provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

In *Turner Mfg. Co. v. Gmeinder* (1924), 183 Wis. 664, 669, 198 N. W. 611, the court said:

"It is well settled that when a trial court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed except for a clear abuse of judicial power."

See also *Kaegi v. Industrial Comm.* (1939) 232 Wis. 16, 285 N. W. 845.

*By the Court.*—Judgment affirmed.

FOWLER, J. (*dissenting*). I think the finding of the trial judge that $500 in cash was paid by the defendant Mrs. Black on October 1st is contrary to the great weight and clear preponderance of the evidence, and that judgment should have been entered for foreclosure of the mechanic's lien as prayed by the complaint.

The opinion of the court is based upon the proposition that the credibility of witnesses is solely for the trial judge to determine and that he determined that Mrs. Black's was more credible than the plaintiff's and that ended the matter. The rule stated is of course correct when the matter in dispute rests solely on the oral testimony of the two contradicting witnesses, but when one of the two is corroborated by written evidence and undisputed testimony, as is the testimony of the plaintiff, and the testimony of the other is rendered suspect by undisputed facts, the rule as stated does not deprive this court of the power to determine what the great weight and clear preponderance of the evidence proves or of the duty to direct judgment accordingly.

The burden is on the defendant to prove a payment of $500 on October 1st. Mrs. Black testifies that such payment was then made in cash at the plaintiff's office. Her testimony is wholly uncorroborated. As corroboration a sheet marked defendant's Exhibit 1 was received in evidence. This sheet came from a machine called an autographic register. The machine is loaded with sheets in bunches of three, a white sheet on which a payment or a delivery, as the case may be, is marked in pencil. Underneath the white sheet is a sheet of carbon and under that a yellow sheet. Underneath the yellow sheet is another sheet of carbon and under that is a pink sheet. The yellow

and pink sheets are thus carbon copies of the white sheet as the white sheet comes from the machine. Each of the three sheets bears the same number printed thereon and the bunches are numbered consecutively as they lie in the machines. Defendant's Exhibit 1 relied on as corroboration of the testimony of Mrs. Black is a yellow sheet. It was undisputably made at plaintiff's office. After the bunch of three sheets was taken from the machine the plaintiff wrote his name on the yellow sheet and handed it to Mrs. Black. He also noted the word "check" on the white sheet opposite the printed words "Received by ———." Neither the signature of Nickel nor the word "check" occurs on the other two sheets. Defendant's Exhibit 1 not only does not corroborate Mrs. Black that the $500 was paid on October 1st but it corroborates the plaintiff that the payment it evidences was actually made by check on October 8th or 9th. It bears the number 992 which undisputed evidence proves that the payment it evidences was in fact made on one of those dates and also proves that if the payment noted thereon was made on October 1st it would have borne a number in the 970's. The consecutive numbers on the pink sheets produced in court by the plaintiff and read into the record without objection so show. These pink sheets, like the physical facts that so often disprove oral testimony, demonstrably decide the fact of nonpayment on October 1st and the fact that defendant's Exhibit 1 refers to and registers the payment of $500 by check which was undisputably made. True the check is dated October 12th instead of October 8th or 9th when it was in fact delivered, but the plaintiff gives an entirely reasonable explanation of the postdating of the check. The defendant Dore who signed the check says it was not postdated, and it is argued that as his bank account shows that on October 9th he had $500 in the bank there was no need to postdate the check. However, the bank account of defendant shows that on October 8th and the morning of October 9th, on one

of which dates the serial number 992 shows defendant's Exhibit 1 came from the machine, Dore had not one cent in the bank. His bank sheet in evidence shows that on October 9th just $500 was deposited in the bank. This rather shows that the deposit was made for the purpose of making good the postdated check and corroborates the plaintiff's claim of postdating. The check was not deposited by plaintiff until October 14th.

It is to be noted that for every one of the three undisputed cash payments made by the defendants a receipt in longhand was written out by plaintiff. These payments were run through the mechanical register. It is also undisputed that payment of $400 was made by check November 29th and that this payment was also run through the machine. The sheets coming from the machine constitute a record of defendant's payments made and kept by the plaintiff in his regular course of business. Sec. 327.25, Stats. The sheets numbered 992 are presumptive evidence of payment of $500 on the date when the sheets in fact came from the machine. *Stella Cheese Co. v. Chicago, St. P., M. & O. R. Co., post,* p. 196, 21 N. W. (2d) 655. Defendant's Exhibit 1 cannot be evidence of that fact, and also be evidence of payment of $500 on October 1st.

For the reasons above stated I think the finding of the trial court is demonstrably contrary to the great weight and clear preponderance of the evidence, and that the judgment should be reversed and judgment of foreclosure directed to be entered.

I am authorized to state that Mr. Justice FAIRCHILD and Mr. Justice WICKHEM concur in this dissent.