KUESTER, Respondent, vs. ROWLANDS and wife, Appellants.*

*February 27—April 8, 1947.*

* Motion for rehearing denied, with $25 costs, on June 10, 1947.

*Edwin B. Stillman* of Waukesha, for the appellants.

For the respondent there was a brief by *Lowry & Hunter,* and oral argument by *Richard N. Hunter* and *Bryan A. Frame,* all of Waukesha.

FOWLER, J.  The plaintiff Kuester by writing signed by him offered to purchase of Rowlands his property "particularly described as part of sec. 13, town of Genesee, county of Waukesha" at a specified price.  The offer was accepted by Rowlands and his wife both signing the written offer.  The terms of the proposed purchase were all particularly specified and the price and payments were definitely fixed: $500 at time of signing; $500 next day, both of which sums were paid; $14,750 on furnishing of an abstract of title and tender of a warranty deed.  Rowlands on demand refused to furnish the abstract of title and deed.  Kuester sued for specific performance alleging the holding of $14,750 in readiness to make the cash payment on such tender being made.

The complaint described the land to be conveyed as "all that part of the following-described property lying south of County Trunk Highway D," which was definitely described and as comprising two tracts, one of eighty acres more or less and the other of thirty acres more or less, both of which in fact constituted a part of sec. 13 first above described.  The answer admits the defendants were the owners in fee of the land described in the complaint, but "deny that any valid and lawful agreement for the sale" of the land was made; admits they did not present an abstract of title or warranty deed to plaintiff;

and denies the holding of the $14,750 by Kuester to make final payment.

The case was tried to the court on July 10, 1946. The court found that a writing was signed by the parties in terms as first above described; that the defendants owned a farm situated in said sec. 13, consisting of contiguous land, six acres of which was on the north and one hundred four acres of which was on the south side of a highway known as County Trunk Highway D; that they owned no land in said town other than their said farm; that the writing signed by the parties was intended by them to include the part of said farm lying south of County Trunk Highway D consisting of one hundred four acres and was intended not to include the six acres lying across the road from the one hundred four acres. This fact was admitted by the testimony of the defendants, and none of the evidentiary facts are in dispute.

The defendants claim that because the writing does not show on its face that it was intended to cover only the one hundred four acres it is void under the statute of frauds, sec. 240.08, Stats., which reads as follows:

"Every contract . . . for the sale of any lands . . . shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

The contention of the defendants is manifestly incorrect. This court states the rule applicable in *Wisconsin Central R. Co. v. Schug,* 155 Wis. 563, 565, 145 N. W. 177:

"A land contract which does not specifically describe the land to be conveyed, but refers to it in such terms that by the aid of the facts and circumstances surrounding the parties at the time the court can with reasonable certainty determine the land which is to be conveyed, satisfies the statute of frauds in this regard and may be enforced." See *Spence v. Frantz,* 195 Wis. 69, 217 N. W. 700; *Heller v. Baird,* 191 Wis. 288,

210 N. W. 680; *Douglas v. Vorpahl,* 167 Wis. 244, 166 N. W. 833; *Inglis v. Fohey,* 136 Wis. 28, 116 N. W. 857.

The defendants cite *Durkin v. Machesky,* 177 Wis. 595, 188 N. W. 97, as holding the instant description insufficient to comply with the statute. But the effect of the opinion in that case is to the contrary. It says, p. 599:

"If the writing had contained in addition to that used such words as 'my property,' . . . and if the defendant had owned no other property, . . . a different situation would be present, and the rule, 'that is certain which can be made certain,' might be invoked."

The instant writing contains the word "my property" and the defendants owned no other property than the one farm constituting a part of sec. 13 mentioned in the writing.

The instant writing by its terms includes the six acres across the road from the one hundred four acres. It is therefore a valid contract on its face. The contention of the defendants is based entirely on the erroneous proposition that the contract is void. Where the contract is valid it constitutes basis for specific performance of the tract intended to be included and may be reformed to describe the tract. The rule is stated in 45 Am. Jur., Reformation of Instruments, p. 593, sec. 19, as follows:

" . . . generally, a memorandum sufficient to comply with the statute [of frauds] may be reformed to state the true agreement of the parties, subject to the limitation in some jurisdictions precluding reformation so as to enlarge the scope of the instrument." See also Id. p. 592, sec. 17.

If the attempt here were to reform the contract to include six acres not within the description, we would have a situation in which reformation might not lie, as to which we need not and do not express an opinion.

The plaintiff in his complaint only asked for specific performance as to the one hundred four acres. Had he in the

first instance asked for reformation of the instrument to specifically describe the one hundred four acres and for specific performance of it as reformed, he would under the rule above stated have been entitled to both reformation and performance.    After the trial of the case the court on plaintiff's application ordered that the defendants show cause "why the pleadings should not be amended to conform to the proof by amending the prayer of the complaint to ask for reformation of the contract, Exhibit 2, on the basis of mutual mistake, the description to be corrected by confining the land involved to that portion of the defendants' property" lying south of County Trunk Highway D.    The defendants objected to the amendment, on the ground that "objections were properly interposed to all oral evidence," and the court received the evidence subject to the objection, and the "plaintiff's motion is based on such objected-to evidence and the court erred in receiving the same."    The court on hearing ordered the complaint amended to correct the description in the contract to read: "That part of the defendants' property in sec. 13, town of Genesee, Waukesha county, Wisconsin, lying south of County Trunk Highway D."    The defendants in opposing the amendment asked for a new trial in case the amendment was granted.    The particular prejudice claimed by defendants by amendment of the complaint was that the issue of reformation was not fully tried, and that defendants were taken by surprise and unable to interpose a proper defense to the relief of reformation.    But the motion was returnable on August 2d and the hearing on motion of the plaintiff was continued to August 13th.    Thus the defendants had ample time to prepare any defense to the granting of the motion that they might make.    The defendants' own evidence given on June 10th clearly showed a mutual mistake of fact by the parties in not excluding the six acres from the description.    Thus the case was fully tried. All the evidence was before the court that could be produced. Thus there was no defense to the claim of reformation, and no

possible prejudice could result to defendants from denying the defendants a new trial on the granting of the motion to amend.

The basis of the granting of the motion to amend the complaint is sec. 269.44, Stats.:

"The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or *vice versa;* provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

This statute gives to the court a wide discretion in the matter of amendment and we perceive no error in the granting of the motion in the instant case. As stated in *Turner Mfg. Co. v. Gmeinder,* 183 Wis. 664, 669, 198 N. W. 611, affirmed in *Nickel v. Black,* 248 Wis. 122, 126, 21 N. W. (2d) 658:

"It is well settled that when a trial court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed except for a clear abuse of judicial power."

The extent to which the court has gone in applying this statute is exemplified in *Wulfers v. E. W. Clark Motor Co.* 177 Wis. 497, 188 N. W. 652; *Neenah v. Krueger,* 206 Wis. 473, 240 N. W. 402; *Knutson v. Anderson,* 220 Wis. 364, 265 N. W. 91; *State ex rel. Young v. Maresch,* 225 Wis. 225, 273 N. W. 225; *Silgen v. Fond du Lac,* 225 Wis. 335, 274 N. W. 256; *State ex rel. Adams County State Bank v. Kurth,* 233 Wis. 60, 65, 288 N. W. 810.

To refuse the right of amendment or to grant a new trial in the instant case as stated in *State ex rel. Adams County State Bank, supra:*

"would subordinate substance and merits, which entitled the relator to relief, to an error in a matter of form, which has not

affected any substantial right of the defendants, in disregard of the provision that,—

"'No judgment shall be reversed or set aside or new trial granted in any action or proceeding, . . . for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial.' Sec. 274.37, Stats."

We have not failed to note that the defendants contend that the rule as to amendment to conform to the proof only applies to cases in which the evidence has been received without objection. It is true that in nearly, perhaps all, of the cases in this court, in which such amendment has been made, such was the case. The principle involved is sufficiently discussed in *Duffy v. Scott,* 235 Wis. 142, 292 N. W. 273. The reason for the rule of the *Duffy Case* applies equally in the instant case. As said in *Klaus v. Klaus,* 162 Wis. 549, 553, 156 N. W. 963, quoted in the *Duffy Case* opinion at page 148: "The objection that the evidence and allegations of the complaint are at variance is of no merit." This is necessarily so when the defendants' own testimony so shows, even though the question in answer to which he gave the testimony was objected to.

The judgment appealed from, besides adjudging reformation of the contract and specific performance of it as reformed, contains specific provisions for completion of performance by defendants and payment by plaintiff and for vesting of title by the judgment in case of defendants' failure to comply with the specific provisions for performance, to none of which the defendants make objection.

*By the Court.*—The judgment of the county court is affirmed.