TROY COMPANY, Appellant, v. PERRY and others, Respondents.

*No. 283. Submitted under sec. (Rule) 251.54 December 2, 1974.—Decided April 28, 1975.*
(Also reported in 228 N. W. 2d 169.)

The cause was submitted for the appellant on the briefs of *Paul L. Moskowitz* and *Bradley J. Keith,* both of Milwaukee; and for the defendants-respondents on the brief of *James G. Forester* and *Forester, Carroll & Rupke,* all of Milwaukee.

HEFFERNAN, J. This action by The Troy Company is one to recover on an express contract for the furnishing of plumbing materials and services on two properties held in a co-tenancy by Phillip and Helen Dimitriades and by Raymond J. and Janice P. Perry. During the course of trial to the court, although the complaint stated a cause of action for express contract liability, the plaintiff argued that there was liability on Perry because, alternatively, Dimitriades was the agent of Perry, that Dimitriades and Perry were partners, or that they were engaged in a joint venture. Recovery was rejected by the trial court, because the evidence was insufficient to find liability under any theory. At the end of the trial, counsel for the plaintiff moved to amend the pleadings to allege a right to recover on the theory of unjust enrichment. The trial judge denied such amendment.

We conclude that the court properly found the plaintiff's evidence insufficient in respect to each of the three theories and that it properly denied the plaintiff's motion to amend the complaint. The judgment is affirmed.

The facts show that, on August 22, 1970, The Troy Company, plaintiff, entered into an agreement with Dimitriades Builders, a corporation, for the installation of plumbing at a four-family building at 2151 South 85th Street. On August 24, 1970, The Troy Company entered into an agreement with Phillip Dimitriades to furnish plumbing material and labor on a two-family building at 2147 South 85th Street. The real estate at those addresses was not conveyed to the defendants in this action until September 1, 1970. The property at 2151 South 85th Street was then conveyed to "Phillip Dimitriades . . . and Raymond J. Perry . . . as tenants in common." On the same date, the second piece of property was conveyed by the same grantors to Dimitriades and Perry as tenants in common. Both Dimitriades and Perry were married at the time of this conveyance.

The record shows that, at the time of the initial agreements, Harold Troy, who was the agent of the plaintiff, dealt only with Phillip Dimitriades and was not aware of Perry's interest in the property. That discovery was made only after the construction work had commenced and only after invoices for work completed, submitted to Dimitriades, were not being paid.

At or about the time the construction work was done, Dimitriades and wife and Perry and wife executed purchase money mortgages, the proceeds of which appeared to have been used for the purchase of the lots and in payment of at least some of the construction work. At a later date, both properties were conveyed to third parties at a figure substantially higher than the amount of the purchase money mortgage. These transactions are not indicative of any profit received either by the Dimitriades or the Perrys, since the lower figures have not been shown to be probative of total cost. At trial Troy acknowledged that, even after he discovered that Perry was a co-owner of the property, he received "[n]o definite commitment " from Perry to pay.

The evidence is sufficient only to show that an express contract was entered into between Dimitriades and the plaintiff. It is, however, insufficient, under any theory, to prove liability upon the Perrys. The Dimitriades defaulted in this action, and judgment was entered after trial against Phillip Dimitriades and his wife.

The argument presented by the plaintiff is that Perry and wife were co-owners with Dimitriades and wife and that the Perrys were, therefore, the undisclosed principals at the time the contract was entered into. However, whether the principal is disclosed or undisclosed, no liability exists unless in fact there is an agency relationship between the alleged principal and the alleged agent. Agency is defined in Restatement 2d, *Agency,* p. 7, sec. 1 (1):

"Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."

Neither Dimitriades nor Perry were subpenaed by the plaintiff to testify. Accordingly, the plaintiff's attorney foreclosed himself from any opportunity to learn the nature of the relationship between the defendants. There was no evidence to support a finding of agency. There was not even circumstantial evidence which could lead to the inference that Dimitriades was under the control of Perry. If there is no agency relationship, the Perrys could not be undisclosed principals.

Restatement 2d, *Agency,* p. 17, sec. 4, states that there must be evidence at the time of the transaction that the agent is acting for a principal, either disclosed, partially disclosed, or undisclosed. If there is no evidence that an alleged agent was acting for another at the time of the transaction, the question of an undisclosed principal becomes irrelevant.

The company has also argued that Raymond Perry ratified the prior acts of Dimitriades on two occasions: First, when Perry and his wife joined in the sale of the properties at an alleged profit; and, second, when Perry admitted the obligation to Harold Troy. As pointed out, the record was devoid of any evidence of actual profit. In addition, assuming *arguendo* that Raymond Perry admitted the obligation, an essential element of ratification is that someone purported initially to act for the ratifier. Restatement 2d, *Agency,* pp. 217, 218, sec. 85, paragraphs 1 and 2, provides:

"(1) Ratification does not result from the affirmance of a transaction with a third person unless the one acting purported to be acting for the ratifier.
"(2) An act of service not involving a transaction with a third person is subject to ratification if, but only if, the one doing the act intends or purports to perform it as the servant of another."

The plaintiff's case fails to provide the factual underpinnings which are necessary to conform to these two standards for ratification.

Nor has a partnership been proved. Sec. 178.03 (1), Stats., provides: "A partnership is an association of 2 or more persons to carry on as co-owners a business for profit."

The Dimitriades and the Perrys were co-owners of the property. While, under sec. 178.04 (4), Stats., the receipt of profits is prima facie evidence of partnership, the record fails to show that there was, in fact, a profit. There is evidence that the properties were sold for more than the purchase money mortgages, but that fact is not probative of the total cost of the construction enterprise. The court, on the basis of this inadequate proof, could not conclude that there had been a profit to anyone.

Moreover, the joint ownership of property and the sale of the property at a profit do not raise the presumption of a partnership. Sec. 178.04 (2), Stats., provides:

"(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property."

*Stern v. Department of Revenue* (1974), 63 Wis. 2d 506, 510, 511, 217 N. W. 2d 326, quoted with approval the language of *Anderson v. Anderson* (1972), 54 Wis. 2d 666, 669, 196 N. W. 2d 727:

"'A mere community of interest in property, such as exists between tenants in common or joint tenants of real or personal property, does not make such owners partners or raise a presumption that a partnership exists, and this is so even though they cooperate in making improvements on their property and in realizing and sharing the profits or the losses and expenses arising therefrom.'"

Giving the facts the interpretation urged by the plaintiff, an interpretation not completely justified by the record—that the defendants owned the property as tenants in common, mortgaged the property, caused the construction of improvements, and sold the property possibly at a profit—in the absence of other evidence, the trial court was correct in concluding that Raymond Perry was not a partner of Phillip Dimitriades.

The argument that Perry and wife were liable as joint venturers is also unsupported. The trial judge correctly used the criteria for the establishment of a joint venture stated in *Insurance Co. of North America v. ILHR Department* (1970), 45 Wis. 2d 361, 366, 173 N. W. 2d 192. Therein this court said that it was necessary to show:

"(1) Contribution of money or services but not necessarily in equal proportion by each of the parties; (2) joint proprietorship and mutual control over the subject matter of the venture; (3) an agreement to share profits though not necessarily the losses; and (4) a

contract, express or implied, establishing the relationship."

The trial judge, in finding these requirements were not met on the basis of the evidence, stated in his memorandum decision:

"There has been insufficient proof on this trial to establish that there was a contract, expressed or implied, establishing the relationship of joint venture between Phillip Dimitriades and Raymond Perry. Likewise, there was no proof on this trial that the parties, Defendants, had mutual control over the subject matter of the alleged venture. In addition, there was no proof to show any agreement for the sharing of profits in this alleged venture."

The burden of proof was upon the plaintiff, who was asserting the joint venture. The trial judge correctly concluded that that burden had not been assumed or discharged.

In respect to the theories of liability espoused by the plaintiff, had the parties defendant been called adversely, the lacunae in the plaintiff's proof might well have been supplied; but they were not, and we are obliged to take the record as it exists. The record fails to show facts which would support any theory of liability urged by the plaintiff.

At the end of the trial, The Troy Company moved to amend the complaint to conform with the theory that it was entitled to recovery on the basis of unjust enrichment. The trial judge refused to permit that amendment and stated that, at a pretrial conference, the plaintiff had an opportunity to amend its pleadings but failed to do so. The trial judge said, "It came out very clearly at the pretrial conference, there was no request for any unjust enrichment in this case." He concluded that it would be unfair to the defendants to permit the amendment after trial, because, on the basis of the pleadings, they were

not obligated to offer any proof to controvert the theory of unjust enrichment.

It is within a trial court's discretion to permit or refuse the allegation of a new cause of action to conform with the proof, and unless there is a clear abuse of that discretion, the trial court's decision will not be disturbed. *Herchelroth v. Mahar* (1967), 36 Wis. 2d 140, 149, 153 N. W. 2d 6; *Kuester v. Rowlands* (1947), 250 Wis. 277, 281, 26 N. W. 2d 639.

*Kuester* pointed out the proper discretionary criteria to use in determining whether an amendment should be allowed: Whether the defendant will be taken by surprise, whether he had time to prepare, and whether he would be prejudiced by such an amendment. The trial judge expressly conformed to these standards in exercising his discretion to deny the motion. The plaintiff led the Perrys to believe that it would not be necessary to offer evidence in defense of an unjust enrichment claim. It would have been prejudicial to the Perrys to allow the plaintiff to assert a cause of action after trial based on a theory which it expressly rejected before trial.

The evidence was insufficient to impose liability upon the Perrys.

*By the Court.*—Judgment affirmed.