MILWAUKEE MEDICAL COLLEGE, INC., Respondent, vs. MARQUETTE UNIVERSITY, INC., ·Appellant.

*April 5—May 10, 1932.*

*Clifton Williams* of Milwaukee, for the appellant.
*George A. Affeldt* of Milwaukee, for the respondent.

FOWLER, J.  The defendant claims that the correspondence between the parties merely constitutes preliminary negotiations for the preparation by plaintiff and presentation to defendant for signature of a written lease for a tenancy from April 26, 1929, to October 26, 1929, and that as no such lease was presented for signature the correspondence goes for naught.

We concede the correctness of the proposition of law asserted by the defendant in defense, that where during preliminary negotiations it is understood that one party is to prepare and present for signature to the other a formal written agreement to evidence the contemplated contract, no contract is entered into unless the written agreement is actually

prepared, presented, and signed. To this it seems to us sufficient to say that the correspondence is barren of any suggestion that a six months' lease in writing was to be prepared by the plaintiff and presented for defendant's signature.

The first letter of defendant to plaintiff did doubtless contemplate that plaintiff would prepare and present to defendant for signature a new lease for one year containing the terms of the existing lease and a provision granting to defendant the privilege of a six months' extension on its giving to plaintiff a sixty-day notice of its desire therefor. However, plaintiff's first letter to defendant informed the defendant that there was no need of a new lease because its notice extended the existing lease for one year. It also notified defendant that if consent was procured to grant an option to extend the term for an additional six months on notice of desire therefor, it would inform the defendant. The plaintiff's next letter informed the defendant that the consent was procured and that plaintiff granted the option for the extension. The defendant then gave the sixty-day notice for the six months' extension and this extended the lease. The defendant on giving the notice acquired an absolute right to hold the premises for an additional six months and the plaintiff acquired the reciprocal right to hold the defendant to pay rent for an additional six months. No further writing was required to evidence such extension nor was any further act required of either party. The claim of defendant that it did not receive from plaintiff the "necessary confirmation" requested in its notice that it "desired to exercise its option" for the six months' extension is without merit. The plaintiff's letter acknowledging that it had received notice that defendant was exercising its "option granting" it tenancy to October 26, 1929, was a sufficient confirmation.

It does not matter that in the first instance defendant contemplated that a new lease for a year would be executed. When on receipt of plaintiff's letter saying that the term of

the existing lease was extended for a year it continued to occupy the premises after expiration of the original term, it waived execution of a new lease; and when after receipt of plaintiff's letters of February 24 and March 5, 1928, which plainly stated that plaintiff granted to defendant the option to occupy the premises until October 26, 1929, by giving sixty days' notice of its desire to do so, the defendant gave the sixty-day notice of its such desire, this secured to defendant all that it originally negotiated for and rendered any further action by the plaintiff unnecessary.

The defendant insinuates that the building was uninhabitable and that this constitutes sufficient ground for its refusal to accept the six months' extension of the lease. No such defense was interposed by answer, nor is it sustained by the evidence. The defendant was occupying the building on February 28, 1929, when it exercised its option of extension for the six months' period, and was then fully aware of its condition. It was not then uninhabitable, as the defendant was then inhabiting it and desired to continue to inhabit it. The defendant interposed no conditions of repair or change in exercising its option of extension. No change in the condition of the building occurred up to the time the defendant vacated it.

*By the Court.*—The judgment of the circuit court is affirmed.