JESKE and another, Plaintiffs, vs. HOTZ MANUFACTURING COMPANY and another, Defendants. [Two appeals.]

*December 7, 1939—February 13, 1940.*

502

506

For the plaintiff, Lyman L. Aderman, the cause was submitted on the brief of *Eberlein & Eberlein* of Shawano.

For the defendants there was a brief by *Fischer, Brunner & Strossenreuther* of Shawano, and oral argument by *Ovid Strossenreuther*.

MARTIN, J. Both appellants contend that the court erred as to certain findings, conclusions of law, and certain provisions of the judgment. It is apparent that the written instruments, Exhibits 1 and 2 set out in the foregoing statement, are ambiguous. Aided by oral testimony, the trial court held that said instruments should be construed together and so construing them, held that it was the intention of the parties thereto that said instruments should constitute a sale of all the merchantable timber four inches and over in diameter to the plaintiff Jeske and a mortgage from Jeske to defendants Hotz Manufacturing Company and O. L. Hotz on the same timber to secure payment of the $500 which defendants had advanced to Stoehr, with interest at

seven per cent per annum, and a profit of fifty cents per cord on all poplar, jack pine, white pine, basswood, and hardwood coming within the terms of Exhibit 2.

Appellants Hotz Manufacturing Company and O. L. Hotz contend that the court erred in finding that said exhibits construed together passed the title from Stoehr to Jeske and gave them only the interest of mortgagees, their contention being that under agreement (Exhibit) 1, they became the sole owners of the timber therein described and that under Exhibit 2 it gave Jeske only the right to cut and deliver the timber described in said exhibit at the prices therein stated. We think the testimony and the documents themselves show that the purchase of the timber from Stoehr was in fact made for Jeske, that the Hotz Manufacturing Company and O. L. Hotz merely advanced the purchase price of said timber taking title thereto as security to be held until such time as Jeske repaid the $500 with interest, also to secure the fulfilment by Jeske of the agreement contained in Exhibit 2. If Exhibit 1 was to be a conveyance of the timber therein described, unconditionally, to the Hotz Manufacturing Company, then why the provision in Exhibit 2 that the $500 was to be deducted from the money that would be due and owing Jeske from said company for the timber he was to deliver to said company, plus seven per cent interest, which latter provision the court found the parties had agreed upon but through inadvertence had left out of the written agreement? The trial court, upon competent oral evidence and the documents themselves, found that Jeske in fact was the purchaser, and that defendants advanced the purchase price, taking title thereto, as security for the repayment of the money so advanced with interest. We cannot say that this finding is against the great weight and clear preponderance of the evidence; it must stand.

Aderman appeals from that part of the judgment which adjudges that the timber he purchased from Jeske under

agreement (Exhibit) 3 was subject to a mortgage in favor of the Hotz Manufacturing Company and O. L. Hotz in the sum of $500. Aderman contends that he was a *bona fide* purchaser in good faith for a valuable consideration without notice of any mortgage lien or other interest of the Hotz Manufacturing Company or O. L. Hotz. The trial court found that Aderman had notice before he purchased the timber from Jeske that the defendants had a mortgage interest in said timber. This finding was based upon the fact that Aderman had read Exhibit 2 before he had entered into agreement (Exhibit) 3 with Jeske on April 11, 1938. There is no evidence to sustain this finding unless the contents of Exhibit 2 can be construed as constituting notice of such mortgage interest. There is no evidence that Aderman ever saw agreement (Exhibit) 1. He testified that Jeske told him that he had purchased the timber from Stoehr and that the Hotz Manufacturing Company and O. L. Hotz had advanced the purchase price of $500 which he was to repay to the defendants at the time and in the manner specified in Exhibit 2.

Neither Exhibit 1 nor 2 was recorded in the office of the register of deeds for Shawano county nor in the office of the town clerk of the town in which the timber was located. The purpose of recording instruments is to give notice. Where a party otherwise has notice, as Aderman had from reading Exhibit 2, he is bound by such notice.

The first paragraph of Exhibit 2 specifically refers to "all the merchantable timber now standing, lying, or being on the [real estate in question]," and in the third last paragraph there is the following provision:

"It is distinctly understood that we have purchased this timber and have paid cash for it in the amount of $500 and this money $500 will and is to be deducted out of the amount that may be due you when all is delivered, in other words this money is to come back out of the prices per cord we are to pay you."

Aderman made no inquiry of the Hotz Manufacturing Company or O. L. Hotz as to whether the $500 had been repaid to them. Clearly, he had notice that the Hotz Manufacturing Company and O. L. Hotz had advanced the purchase money for the timber to Stoehr. He knew of defendants' contract interest in the timber which Jeske was obliged to deliver to defendants. It is apparent that if Aderman had made any inquiry of defendants as to their interest in the timber, such inquiry would have disclosed their interest in all the merchantable timber standing, lying, or being upon the premises described in Exhibit 2, not only as to the specific timber therein mentioned, but also as to all the merchantable timber four inches and over upon said premises. We cannot say that the finding of the trial court that Aderman had notice before he purchased the timber from Jeske that defendants had a mortgage interest therein is against the great weight and clear preponderance of the evidence; therefore this finding must stand.

That part of the judgment which adjudges that Jeske is the owner of all the timber four inches and over lying and being upon the premises in question subject to a mortgage thereon in favor of defendants in the sum of $500 with interest at seven per cent less the sum of $198.48 paid as principal and interest must be affirmed.

The judgment further provides that "the defendants have no interest other than a mortgage interest upon the timber so purchased by the plaintiff [Jeske]." This part of the judgment must be modified for the reason that defendants have their contract right under agreement (Exhibit) 2 to receive from Jeske the timber therein specified at the prices and terms therein stated. Defendants' interest in this regard, is, of course, additional to their mortgage interest.

The judgment further provides that neither Jeske nor defendants have breached the contracts between them and that both are in full force and effect. This provision of the

judgment is based upon the theory that Aderman purchased with knowledge of defendants' mortgage interest in the timber, and that with such knowledge he purchased subject to the mortgage. Jeske had the right to sell the timber subject to defendants' mortgage. In so doing he did not breach his contract with defendants, nor did defendants breach the contract on their part by forbidding Jeske and Aderman in July of 1938 from cutting timber on the premises measuring four inches and up in diameter until defendants' mortgage and interest were paid. The judgment in this respect must be affirmed.

It appears that Aderman sold some timber from the premises measuring more than four inches in diameter to the H. Iwen Box & Veneer Company at Shawano which was subject to the lien of defendants' mortgage, that a part of the purchase price thereof is being withheld by said purchaser. Aderman is making a claim for the balance of the purchase price, also the defendants are claiming the balance due. Defendants claim that Aderman sold timber from said premises to other parties which was subject to their mortgage and pray for an accounting. The plaintiff Jeske asked that he be permitted to redeem from the lien of defendants' mortgage. The trial court made no findings with reference to an accounting between Jeske and defendants and made no disposition as to Jeske's right to redeem from the lien of defendants' mortgage by paying the balance due with accrued interest. There is no testimony in the record from which this court could determine the issue as to an accounting. However, we are of the view that Jeske should be permitted to redeem by paying defendants the balance due on the mortgage with accrued interest at seven per cent to date of redemption.

The trial court found upon the undisputed evidence that at the time Aderman purchased from Jeske the timber specified in Exhibit 3, no timber within the specifications of

Exhibit 2 remained upon the land in question except poplar (Exhibit 3 excluded poplar). This being true, if upon the return of the record to the circuit court, Jeske fulfils his contract with defendants by delivering to them the balance of the poplar as provided in Exhibit 2 and pays defendants the balance of the $500 on their mortgage with interest, then, in that event, Aderman will be entitled to receive the balance due from H. Iwen Box & Veneer Company and shall also be entitled to cut and remove all the merchantable timber of every kind measuring four inches and over in diameter standing, lying, or being on the real estate in question.

If Jeske does not deliver to the defendants the remaining poplar covered by Exhibit 2 and pay to the defendants the balance of the $500 and interest within such reasonable time as the trial court may fix therefor, then, in that event, Aderman, if he so chooses, shall have the option, right, and privilege to cut and deliver the remaining poplar upon said premises within the calls of Exhibit 2 to defendants, and shall also have the right to redeem from the lien of defendants' mortgage by tender to defendants the balance due with interest at seven per cent per annum to date of tender. If neither Jeske nor Aderman makes delivery of the poplar to defendants or pays defendants the balance due with interest as above indicated, the court shall order an accounting and also determine any damages which defendants may have sustained by reason of a breach of the contract.

*By the Court.*—Judgment affirmed in part, modified in part. Record remanded for further proceedings in accordance with the opinion. Neither appellants to have costs on this appeal. Appellant Aderman to pay the clerk's fees.