## JACOBS v. J. C. PENNEY CO.

Civil Action No. 1893.

District Court, W. D. Wisconsin.

Nov. 18, 1947.

Peterson & Kittlesen, of Monroe, Wis., for plaintiff.

Blum & Blum, of Monroe, Wis. (Oscar T. Toebaas, of Wilkie, Toebaas, Hart & Jackman, all of Madison, Wis., of counsel), for defendant.

STONE, District Judge.

Plaintiff seeks a declaratory judgment on the pleadings, determining the rights of the parties under a lease and subsequent agreements relating thereto, all of which are made a part of the complaint.

Plaintiff contends that defendant is now occupying the premises as a tenant from month to month while defendant claims that it is a tenant for years, for two terms, one for a period of five years from July 31, 1946, and the other for a five year period from July 31, 1951.

The facts are not in dispute. On April 20, 1936, defendant leased the premises located in Monroe, Wisconsin, from Frank E. Millman and wife, for a term of five years, with an option to extend the lease upon all its terms and conditions for an additional five year period from August 1, 1941, upon written notice to the landlord on or before May 1, 1941, of its election to exercise the option.

Before the date fixed for defendant to exercise its option, the parties agreed in writing to extend the lease period from August 1, 1941, to July 31, 1946, and in this agreement defendant was given an option to extend the term of the lease from August 1, 1946, to July 31, 1951, upon the same terms and provisions contained in the underlying lease, upon three months notice in writing to the landlord of its desire to exercise its option. This agreement provided that defendant would, at its own expense over a five year period, expend $2500 in improvements to the premises, at the request of and for the benefit of the landlord.

On January 11, 1946, Hazel B. Cornelius acquired title to the property and succeeded to the rights and obligations of the Millmans.

On February 8, 1946, and before the time fixed for defendant to serve its notice on the landlord of its election to exercise its option to extend the rental period, the defendant and Hazel B. Cornelius entered into a written agreement whereby defendant was given an option to extend the rental period for five years from July 31, 1946, upon the same terms as were contained in the underlying lease. No provision was made in the agreement as to the type of notice that defendant was to give the landlord of his election to exercise the option. No written notice was required. An oral notice would have sufficed. The defendant remained in possession of the premises and paid the rent to Hazel B. Cornelius for more than a year after July 31, 1946, and the Court may well presume that an oral notice of its election to exercise the option to extend the lease period was given by defendant to Hazel B. Cornelius prior to July 31, 1946. Defendant's occupancy and performance under the lease is equivalent to an exercise of the option and an acceptance of the lease previously offered.

It was held in Peehl v. Bumbalek, 99 Wis. 62, 74 N.W. 545, that where a tenant holds over under a lease for two years with the privilege of renewal for three years and continues to pay rent as provided by the lease, he will be regarded as having renewed the lease for the whole three years.

This agreement contained the further provision that gave defendant an additional option "to extend said lease for a further period of five years commencing on July 31, 1951, provided however, that tenant shall have notified the landlord in writing on or before the 1st of May, 1951, that it desires to exercise said option, and provided further, that the rent to be paid by tenant during such extension shall be at the rate of $2,400.00 per year payable in monthly installments of $200.00 per month."

This contract, as well as the underlying lease, was made by its terms binding on the heirs, successors and assigns of the parties.

The land contract dated April 4, 1947, under which the plaintiff purchased the property involved in these proceedings, con-

tained the recital that the purchaser acquired the "right of possession, subject to all existing leases" as of April 1, 1947.

The original lease and subsequent agreements were duly recorded. It is undisputed that plaintiff had knowledge that defendant was in possession of and occupying the premises on April 4, 1947, and that it continued in possession thereafter.

It is also undisputed that on February 25, 1946, defendant served written notice on Hazel B. Cornelius of its election to exercise its option to extend the lease for a period of five years from July 31, 1946, to July 31, 1951, and that thereafter on May 26, 1947, plaintiff served notice on defendant that said option was withdrawn and gave defendant a written notice to vacate the premises on June 1, 1947.

One of the issues for determination herein is: Has the defendant a right to possession of the premises until July 31, 1951? The other is: Has defendant a valid option to extend that rental period for an additional five years from July 31, 1951, at an increased rental?

The pertinent provisions of the underlying lease, subsequent agreements and notices are as follows:

Lease dated April 20, 1936:

"Continued Possession of Tenant. That if Tenant continues to occupy the premises after the last day of any extension of the term hereof or after the last day of the term hereof if this lease is not extended, and Landlord elects to accept rent thereafter, a tenancy from month to month shall be created and not a holdover tenancy from year to year.

"Option to Extend. That Tenant is hereby given an option to extend this lease upon the same terms and conditions as those herein specified, for a further period of Five (5) years from August 1, 1941 provided Tenant shall have notified the Landlord in writing on or before May 1, 1941 that Tenant has elected to so extend this lease; provided, however, that the rent to be paid by the Tenant during such extended period shall be the same as that specified herein for the last year of the term hereof.

"Lease Binding on Heirs, etc. It is further hereby expressly agreed and under-stood that all covenants and agreements herein made, shall extend to and be binding upon the heirs, devisees, executors, administrators, successors in interest and assigns of both the said Landlord and the said Tenant, and that no modification of this lease shall be binding unless evidenced by an agreement in writing signed by Landlord and signed in Tenants name by one of Tenant's duly authorized officers."

Agreement dated February 6, 1941:

"Whereas, the parties hereto have heretofore made and entered into a certain indenture of lease dated the 20th day of April, 1936, whereby the property located at 1011–1013 16th Avenue, Monroe, Wisconsin, was leased and demised by the Landlord to the Tenant for a period of five years from August 1, 1936 to and including July 31, 1941, and

"Whereas, the parties hereto desire to extend the term of said lease, and to make certain alterations in and to the premises, all as hereinafter provided for:

"Now, therefore, in consideration of the mutual promises contained herein, it is agreed as follows:

"1. That the term of said lease is hereby extended for a further period of five (5) years from August 1, 1941 to July 31, 1946, inclusive, upon the same terms and conditions and at the same rate of rental, ($2100.-00 per year), as provided for during the original term.

"2. It is hereby agreed that the Tenant may at its election further extend the term hereof for an additional five (5) year period from and after the first day of August, 1946, to and including the Thirty-first day of July, 1951, upon the same terms and conditions as provided for in said lease for the original term thereof, by giving the Landlord three (3) months or more written notice of its intention so to do.".

Agreement dated February 8, 1946:

"This Agreement, made and entered into this 8th day of February, 1946, by and between Mrs. Hazel B. Cornelius, of the City of Chicago, County of Cook, State of Illinois, hereinafter called the Landlord, party of the first part, and J. C. Penney Company, a corporation existing under the laws of the State of Delaware, having its

principal office at No. 330 West 34th Street, New York, (1), New York, hereinafter called the Tenant, party of the second part,

"Witnesseth:

"That the lease made and entered into by the parties mentioned therein and dated the 20th day of April 1936 covering premises situated at 1011–1013 16th Avenue, Monroe, Wisconsin and more fully described in said lease as follows:

\* \* \* \* \* \*

which lease due to expire the 31st day of July 1941 but same was extended for a further period of five (5) years by virtue of an agreement entered into by and between the Landlord and Tenant and dated the 6th day of February 1941 shall expire on July 31st, 1946.

"Landlord agrees that Tenant shall have a further option to extend the underlying lease dated the 20th of April 1936 for a term of five (5) years from July 31st 1946 upon the same terms and conditions as provided in said lease, which lease designated that the rental shall be $2,100.00 per year, payable in monthly installments of $175.00 per month.

"Landlord further agrees that if Tenant shall have observed and complied with all the terms and conditions of the underlying lease and this extension agreement that Tenant shall have the option to extend said lease for a further period of five (5) years commencing on July 31st, 1951, provided however, that Tenant shall have notified the Landlord in writing on or before the 1st of May, 1951 that it desires to exercise said option, and provided further, that the rent to be paid by Tenant during such extension shall be at the rate of $2,400.00 per year payable in monthly installments of $200.00 per month.

"The lease dated the 20th day of April 1936 by and between Frank E. Millman and Dora E. Millman, and the J. C. Penney Co., and the agreement made and entered into the 6th day of February 1941 by and between Frank E. Millman and Dora E. Millman and the J. C. Penney Co., and this agreement all pertaining to the same property above mentioned shall be binding upon and extend to the heirs, devisees, legal representatives, successors in interest and as-

signs of both the said Landlord and said Tenant."

Notice dated February 25, 1946:
"Mrs. Hazel B. Cornelius
"8229 Rhodes Avenue
"Chicago, Illinois
"Dear Mrs. Cornelius:

"Please take notice that we have elected to exercise the option given us in the agreement dated February 8, 1946 between you and the J. C. Penney Company covering certain premises situated in the City (or Town) of Monroe, County of Green, and State of Wisconsin, known and described in said agreement as follows, to-wit:

\* \* \* \* \* \*

which option gives J. C. Penney Company the right to extend that certain lease dated April 20, 1936 covering the above described premises, upon the same terms and conditions as those therein specified, for a further period of five (5) years from July 31, 1946.

"We hereby exercise the said option and notify you that pursuant to this notice the said lease dated April 20, 1936 shall be extended for a further period of five (5) years from July 31, 1946, to-wit, to July 31, 1951.

"We shall appreciate it very much if you will be kind enough to acknowledge the receipt of this notice in order to complete our file.

"Very truly yours,
"J. C. Penney Company
"By W. A. Reynolds (seal)
"2nd Vice President
"cc. Lease Folder
"Manager
"Ralph Betts
"F. R. Hesser
"CWN:ABH
"Registered Mail"

Notice dated May 26, 1947:
"J. C. Penney Company
"330 West 34th Street
"New York, New York
"Gentlemen:

"Please take notice that the option contained in that certain agreement entered into by and between Hazel Cornelius of Chicago, Illinois, and the J. C. Penney Com-

pany, a corporation, on February 8, 1946, whereby the said corporation was given an option to extend a certain lease for a period of five years from July 31, 1951, on the property in Monroe, Wisconsin, now occupied by you, is hereby withdrawn by Harold L. Jacobs; the present owner of the premises subject to said option.

"S/ Harold L. Jacobs
"Dated May 26, 1947."

Notice (served April 28, 1947):

"The J. C. Penney Company, a corporation
"330 West 34th Street
"New York, N. Y.

"Notice is hereby given you that the undersigned owner of the premises occupied by you at 1011–1013 Sixteenth Avenue, in the City of Monroe, does hereby terminate the present existing tenancy, and demand is hereby made upon you to surrender possession of said premises on June 1, 1947.

"Harold L. Jacobs
"(Harold L. Jacobs)"

■ Plaintiff had knowledge of the contents of the recorded lease, the modifying agreements, and that defendant had occupied the premises for a year after the fixed term that would have expired on July 31, 1946, if defendant had not exercised its option. If he had any doubt as to whether defendant had exercised that optional right, he could have ascertained the fact upon a simple inquiry of the seller, Hazel B. Cornelius. Such an inquiry would be expected of a diligent and prudent investor and purchaser. It was plaintiff's duty to make such inquiry and failing to do so he is barred from now making a claim that he is an innocent and bona fide purchaser. Jeske v. Hotz Mfg. Co., 233 Wis. 500, 290 N.W. 208.

Plaintiff had no greater rights than his grantor. He purchased the property with actual and constructive knowledge of defendant's rights under the lease and the modifying agreements. White v. Machovec, 214 Wis. 458, 253 N.W. 389.

■ The agreement dated February 8, 1946, was a modification of the original lease. It was an entire and not a severable contract. It was supported by a valid consideration.

■ Where an executory contract is modified the consideration for the original is deemed imported into the new contract, which becomes binding without any new consideration. Miller v. Stanich, 202 Wis. 539, 230 N.W. 47, 233 N.W. 753.

■ Plaintiff's contention that it was necessary for the parties to enter into a new lease agreement, to preserve their mutual rights as provided in the underlying lease and the modifying agreements cannot be sustained. The notice given by defendant to Hazel B. Cornelius dated February 25, 1946, that it desired to exercise its option to extend the lease to July 31, 1951, fixed and established the rights of the defendant and the landlord, without further action by either of the parties. When the landlord received the notice, defendant acquired the right to the possession and occupancy of the premises until July 31, 1951, coupled with an additional option to extend the lease period for five years from July 31, 1951. The notice when served created binding obligations on the landlord and the tenant for the extended period. Nothing further was required of the landlord and the execution of a new lease was unnecessary. Milwaukee Medical College v. Marquette University, 208 Wis. 168, 242 N.W. 494.

■ Plaintiff's attempt a year after defendant had exercised its option, to revoke the option, was a nullity and of no effect on the rights previously acquired by the defendant.

The defendant is now and was at the commencement of this action occupying the premises as a tenant for years, and has the right to occupy the premises under the lease until July 31, 1951, which term may be extended for a period of five years from July 31, 1951, as provided in the agreement dated February 8, 1946.

Plaintiff's motion for declaratory judgment is denied.

Defendant's motion that plaintiff's complaint be dismissed with costs is granted.

Let judgment be entered accordingly.